IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,078-01






EX PARTE RANDY LEE DRAGOO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 0629965D IN THE 371ST DISTRICT COURT OF TARRANT
COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a firearm by a felon, and punishment was assessed at twenty
years' confinement, to run consecutively with a life sentence for murder. Applicant's
conviction was originally reversed on direct appeal on the grounds that the trial court erred
in denying Applicant's motion to dismiss the indictment for want of a speedy trial. Dragoo
v. State, No. 2-00-032-CR (Tex. App. - Fort Worth, Aug. 2, 2001). The State filed a petition
for discretionary review and this Court reversed, after weighing the four factors described
in Barker v. Wingo, 407 U.S. 514, 530 (1972), and concluding that Applicant had failed to
assert his right to a speedy trial or show that he had been prejudiced by the delay. Dragoo
v. State, 96 S.W. 3d 308 (Tex. Crim. App. 2003). On remand, the court of appeals addressed
Applicant's remaining points of error and affirmed the judgment of the trial court. Dragoo
v. State No. 2-00-032-CR (Tex. App. --Fort Worth, delivered December 11, 2003, pet.
ref'd.).

 Applicant now contends that his trial counsel was ineffective for failing to file a
motion for a speedy trial and for failing to present evidence and raise arguments at the
hearing on the motion to dismiss the indictment on the basis of denial of speedy trial, which
was filed on the day before Applicant's trial.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from defense counsel and the trial prosecutor, or it may order
a hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the prosecutor assured defense counsel that the possession of a firearm by a
felon charge would be dismissed if Applicant's murder conviction was affirmed on direct
appeal, and if so, why the charge was not dismissed. The court shall also make findings as
to why defense counsel failed to move for a speedy trial or to ask the prosecutor to file a
motion to dismiss the case when it became apparent that the State was going forward with
the case. The trial court shall make further findings as to whether the woman who was with
Applicant at the time of the offense was available to testify at the time of trial. If not, the
court shall make findings as to whether she was available prior to the trial date, and if so why
counsel failed to obtain a written statement from her or keep apprised of her whereabouts
until the time of trial. If the witness was not available at the time of trial, the court shall
make findings as to why defense counsel failed to make a showing under Harris v. State, 489
S.W.2d 303, 308 (Tex. Crim. App. 1973) at the hearing on the motion to dismiss the
indictment. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8TH DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.