COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




RAUL ESCAJEDA,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00145-CR



Appeal from the


210th Judicial District Court


of El Paso County, Texas 


(TC#20060D02106) 



MEMORANDUM OPINION


 Raul Escajeda appeals his conviction for indecency with a child, sexual contact. See 
Tex.Pen.Code Ann. § 21.11(a)(1)(Vernon 2003). Appellant pled guilty to the offense, as
alleged in the indictment, and the trial court imposed a sentence of 20 years' imprisonment.
Appellant's appointed counsel, who represented Appellant at trial and now represents Appellant
on appeal, has filed a brief in which he concludes that the appeal is frivolous and without merit. 
In his brief, appellate counsel states that he has studied the record and has found no error
preserved for appeal that could serve as grounds for reversible error. The brief meets the
requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied,
388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of
the record, and demonstrating why, in effect, there are no arguable grounds to be advanced. (1) See
High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978). Appellate counsel, however, proposed
one arguable issue in the brief.

BACKGROUND

 The arguable issue presented in counsel's brief is whether the trial court erred in denying
Appellant's motion to dismiss because he was denied his right to a speedy trial. 

 Appellant was indicted on May 3, 2006, by a grand jury. Appellant was accused of
sexually assaulting a minor in May of 1993 and again on January 1, 2000. (2) On January 9, 2007,
Appellant filed a motion to dismiss both cases arguing he had been denied his right to a speedy
trial. Appellant's motion focused on the length of time between the dates of the alleged offenses,
and the date of his arrest. During the hearing, the prosecutor informed the trial court that the
offenses were not reported until April 2005. (3) The trial court denied the motion at the hearing's
close. Appellant entered a guilty plea in open court on May 4, 2007. Appellant was sentenced in
open court on May 7, 2007. The trial court signed and entered its judgment on May 15, 2007. 

ANALYSIS

 In determining whether an accused has been denied his right to a speedy trial, a court
must utilize the balancing test articulated in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182,
2192, 33 L.Ed.2d 101 (1972). See Dragoo v. State, 96 S.W.3d 308, 313 (Tex.Crim.App. 2003). 
The conduct of both the prosecution and the defendant are weighed. Dragoo, 96 S.W.3d at 313. 
Generally, the Barker balancing test includes analysis of four factors: (1) the length of the delay;
(2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the
prejudice to the defendant resulting from the delay. Id. Factor number one, the length of the
delay, acts as a triggering mechanism. Id. That is, a speedy trial claim will not be heard until the
passage of an amount of time which is, on its fact, unreasonable under the circumstances. Id. 
The length of time is measured from the time the defendant is arrested or formally accused. Id. 
As a general rule courts consider a delay approaching one year, "unreasonable enough to trigger
the Baker inquiry." Id. at 314, quoting Dogget v. U.S., 505 U.S. 647, 652 n.1, 112 S.Ct. 2686,
2691, 120 L.Ed.2d 520 (1992).

 As we have discussed above, Appellant was formally accused by indictment, on May 3,
2006. Less than one year later, Appellant was convicted and sentenced for the offense as charged
in the indictment. This period of time is insufficient to "trigger" the remainder of the balancing
factors. See Dragoo, 96 S.W.3d at 314. Therefore, the trial court did not err in denying
Appellant's motion to dismiss. Issue One is overruled.

 In addition, we have carefully reviewed the entire record, including counsel's brief, and
agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the
record that may arguably support the appeal. We affirm the trial court's judgment.


March 6, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. A copy of counsel's brief has been delivered to Appellant, informing him of his right to
file a brief pro se. Appellant has not done so.
2. The January 2000 offense is the subject of a companion case to this appeal. See 
Escajeda v. State, 08-07-00146-CR (Tex.App.--El Paso March 6, 2008, no pet.h.).
3. Appellant did not object, or dispute this statement in any way during the hearing.