**Randy Lee DRAGOO, Appellant,**

v.

**The STATE of Texas.**

No. 1733–01.

Court of Criminal Appeals of Texas.

Jan. 22, 2003.

Danny D. Burns, Fort Worth, for appellant.

Anne E. Swenson, Assist. DA, David M. Curl, Assist. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

HOLCOMB, J., delivered the opinion of the unanimous Court.

The court of appeals held that the trial court erred in denying appellant's motion to dismiss for want of a speedy trial. *Dragoo v. State*, No. 2–00–032–CR (Tex.App.-Fort Worth 2001) (unpublished). We reverse.

### I

On August 11, 1996, a Tarrant County peace officer arrested appellant, who was wanted for murder in that county. In the course of the arrest, the officer discovered a pistol that appellant, a convicted felon, carried on his person. On August 20, 1996, counsel was appointed to represent appellant. On October 31, 1996, a Tarrant County grand jury returned indictments charging appellant with murder and unlawful possession of a firearm by a felon. See Tex. Pen.Code §§ 19.02(b) & 46.04(a). In April 1997, appellant was tried under the murder indictment, convicted, and sentenced to imprisonment for life. On June 18, 1998, the court of appeals upheld that conviction and sentence. *Dragoo v. State*, No. 2–97–439–CR (Tex.App.-Fort Worth 1998, pet. ref'd) (unpublished).

On February 19, July 16, September 3, and December 10, 1999, the trial court held pre-trial hearings in the possession case. On January 31, 2000, one day before trial was to begin in that case, appellant filed a motion to dismiss for want of a speedy trial. In the motion, appellant argued that his defense had been "prejudiced by the delay due to a loss of witnesses, the fading of witnesses' memories and the loss of significant evidence."[1] Appellant did not specify in the motion which

---

1. Appellant's motion also contained other arguments, but he abandoned them on direct appeal.

witnesses, memories, or evidence he was referring to.

On February 1, 2000, just before trial in the possession case, the trial court held a hearing on appellant's motion to dismiss. The hearing, at which neither appellant nor the State offered any evidence, was brief and proceeded in relevant part as follows:

> DEFENSE COUNSEL: We have the motion to dismiss, Your Honor. Again, it's based upon the time period. We'd ask the court to take judicial knowledge of the court's file in this case.
>
> THE COURT: Has been so noticed.
>
> DEFENSE COUNSEL: And to note that there have been no motions for continuance, Your Honor, filed in the last year and a half to two years by the defense. The defense has been here, present, ready for trial. In fact, we tried these very same facts [in the murder trial] when we had witnesses still around, and we needed them to defend this case at that point.
>
> But this case wasn't tried. It was used and included in the punishment, Your Honor, of the other offense, but we still have a problem in that we don't have the defenses. We don't have the memories. We don't have the ability to present this case as we would have three years ago.
>
> * * *
>
> THE COURT: All right. Denied.

The jury later found appellant guilty. The trial court assessed appellant's punishment at imprisonment for twenty years.

On direct appeal, appellant brought three points of error. In his second point of error, appellant complained that the trial court erred in denying his motion to dismiss. Under that point, appellant argued, for the first time, that the 3½ year delay between his arrest and trial prejudiced his defense because (1) he was no longer able to locate an unnamed female witness who was with him when he was arrested and (2) he was effectively precluded from testifying out of fear of being impeached with his then-final murder conviction. Appellant explained his tardiness in asserting his speedy trial right by claiming, again for the first time, that the State had assured him, at the time of his murder conviction, that it would dismiss the possession charge if the murder conviction was upheld on appeal.

The court of appeals sustained appellant's second point of error, reversed the trial court's judgment, and remanded the case to the trial court with instructions to dismiss. *Dragoo v. State*, No. 2–00–032–CR, *supra.* The court of appeals explained its holding thusly:

> Excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or identify. While such presumptive prejudice is, standing alone, insufficient to carry a speedy trial claim, it must be considered . . . .
>
> We believe that the three-and-one-half-year delay in this case, in which Appellant played no role, is patently excessive. Therefore, Appellant's failure to offer demonstrable evidence of prejudice is not fatal to his claim. We will consider the presumptive prejudice caused by the delay in balancing the remaining *Barker*[2] criteria.
>
> The State offered no valid reason for the three-and-one-half-year delay. This factor weighs heavily against the State. In failing to assert his speedy trial rights, Appellant was merely acting in reliance on the State's assurance that it

---

**2.** *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

would dismiss. In addition to impairing Appellant's defense, the delay also prejudiced Appellant because the final murder conviction became final in the interim and was now available for impeachment purposes. Consequently, we hold the trial court erred in ... denying Appellant's motion to dismiss.[3]

*Id.,* slip op. at 10–11 (citations omitted).

We subsequently granted the State's petition for discretionary review to determine whether the court of appeals erred. See Tex.R.App. Proc. 66.3(c).

## II

■ At the outset, we note that the court of appeals erred in considering the arguments that appellant made for the first time on appeal. As a general rule, an appellate court reviewing a trial court's ruling on the admission or exclusion of evidence must do so in light of the arguments, information, and evidence that was available to the trial court at the time it ruled. See *Willover v. State,* 70 S.W.3d 841, 845 (Tex.Crim.App.2002); *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim. App.2000); *Hoyos v. State,* 982 S.W.2d 419, 422 (Tex.Crim.App.1998); G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 43.453 (2d ed.2001). This general rule also applies to an appellate court reviewing a trial court's ruling on a motion to dismiss for want of a speedy trial.

■ The Sixth Amendment to the Constitution of the United States provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." This right was made applicable to state criminal prosecutions by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution. *Strunk v. United States,* 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

■ In determining whether an accused has been denied his right to a speedy trial, a court must use a balancing test "in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be weighed in the balance include, but are not necessarily limited to, the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. *Ibid.* No single factor is necessary or sufficient to establish a violation of the right to a speedy trial. *Id.* at 533, 92 S.Ct. 2182.

■ *The Length of the Delay.* The first *Barker* factor, the length of the delay, is measured from the time the defendant is arrested or formally accused. *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The length of the delay is, to some extent, a triggering mechanism, so that a speedy trial claim will not even be heard until passage of a period of time that is, on its face, unreasonable in the circumstances.

---

3. It appears that the court of appeals rejected appellant's claim that the 3½ year delay prejudiced his defense because he was no longer able to locate the unnamed female witness. This is not surprising, since in the trial court appellant failed to satisfy the rule of *Harris v. State,* 489 S.W.2d 303, 308 (Tex.Crim.App. 1973), where we held that if a defendant's claim of prejudice relies upon his purported inability to locate witnesses, he must establish "that the witnesses are unavailable, that their testimony might be material and relevant to his case, and that he exercised due diligence in his attempt to find them and produce them for trial."

*Doggett v. United States,* 505 U.S. 647, 651–652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Barker v. Wingo,* 407 U.S. at 530, 92 S.Ct. 2182. "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States,* 505 U.S. at 652, 112 S.Ct. 2686.

 In general, courts deem delay approaching one year to be "unreasonable enough to trigger the *Barker* enquiry." *Id.* at 652 fn. 1, 112 S.Ct. 2686. Here, appellant was arrested in August 1996 and tried in February 2000, an interval of 3½ years. This delay was sufficient to trigger the *Barker* enquiry. Furthermore, the delay here stretched far beyond the minimum needed to trigger the enquiry. Consequently, this factor weighs heavily in favor of finding a violation of the speedy trial right. See *Zamorano v. State,* 84 S.W.3d 643, 649 (Tex.Crim.App.2002) ("Because the length of the delay stretched well beyond the bare minimum needed to trigger judicial examination of the [speedy trial] claim, this factor—in and of itself— weighs heavily against the State.").

 *The Reason for the Delay.* When a court assesses the second *Barker* factor, "the reason the government assigns to justify the delay," *Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. 2182, "different weights should be assigned to different reasons," *ibid.* Moreover, some reasons are valid and "serve to justify appropriate delay." *Ibid.* Here, the State offered the trial court no reason to justify the 3½ year delay between appellant's arrest and trial.[4]

Consequently, this factor, too, weighs in favor of finding a violation of the speedy trial right. Contrary to the court of appeals' assertion, however, this factor does not weigh *heavily* in favor of such a finding. In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay. Accord: *United States v. Macino,* 486 F.2d 750, 753 (7th Cir.1973); *Boseman v. State,* 263 Ga. 730, 438 S.E.2d 626, 629 (1994).

 *The Defendant's Assertion of His Right.* Although a defendant's failure to assert his speedy trial right does not amount to a waiver of that right, "failure to assert the right ... make[s] it difficult for a defendant to prove he was denied a speedy trial." *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. 2182. This is so because a defendant's lack of a timely demand for a speedy trial "indicates strongly that he did not really want a speedy trial," *Harris v. State,* 827 S.W.2d 949, 957 (Tex.Crim. App.), *cert. denied,* 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992), and that he was not prejudiced by lack of one. Furthermore, "[t]he longer delay becomes, the more likely a defendant who wished a speedy trial would be to take some action to obtain it. Thus inaction weighs more heavily against a violation the longer the delay becomes." G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 23.40 (2d ed.2001).

 Here, appellant failed to assert his speedy trial right for 3½ years, until just before trial, although he was represented by counsel at all relevant times and no

---

**4.** The State might have argued, and sought to prove, that eight months of the delay was justified by its prosecution of appellant under the murder indictment. See *Easley v. State,* 564 S.W.2d 742, 745 (Tex.Crim.App.1978) (delay caused by trying the defendant on oth-

er charges is justified). In the absence of argument and proof, however, we will not presume that the prosecution of appellant for murder caused any of the delay in the prosecution of him for unlawful possession of a firearm.

question is raised as to the competency of such counsel. The court of appeals excused appellant's failure, holding that, "[i]n failing to assert his speedy trial rights, Appellant was merely acting in reliance on the State's assurance that it would dismiss." *Dragoo v. State*, No. 2–00–032–CR, *supra*, slip op. at 10. The court of appeals erred in so holding, however, because appellant presented neither argument nor evidence to the trial court regarding such an "assurance" claim.

■ In view of the lengthy delay here, in which appellant quietly acquiesced, this factor weighs very heavily against finding a violation of the speedy trial right.

■ *Prejudice to the Defendant Resulting from the Delay.* When a court assesses the final *Barker* factor, prejudice to the defendant, it must do so in light of the interests of defendants which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the accused's defense will be impaired. *Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. 2182. Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Ibid.* Furthermore, with respect to the third interest, affirmative proof of particularized prejudice is not essential to every speedy trial claim, because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). On the other hand, this "presumption of prejudice" is "extenuated . . . by the defendant's acquiescence" in the delay. *Id.* at 658, 112 S.Ct. 2686.

■ During most of the time in question, appellant was in state prison serving a life sentence for murder. "Under these circumstances we are . . . mainly concerned with whether or not appellant's ability to defend himself was prejudiced by the delay." *McCarty v. State*, 498 S.W.2d 212, 218 (Tex.Crim.App.1973). Was appellant's defense in this case prejudiced? Certainly, appellant presented no evidence to the trial court that showed that his defense was prejudiced.

■ The court of appeals held that appellant's ability to defend himself was prejudiced "because the final murder conviction became final in the interim and was now available for impeachment purposes." *Dragoo v. State*, No. 2–00–032–CR, *supra*, slip op. at 10. Again, however, the court of appeals erred in so holding, because appellant made no such argument to the trial court.

The court of appeals also held that the 3½ year delay between appellant's arrest and trial was "patently excessive" and, in itself, "presumptive[ly] prejudic[ial]" to appellant's defense. In accordance with precedent, we must agree with that assessment. See *Zamorano v. State*, 84 S.W.3d at 654 (four year delay between defendant's arrest and trial was presumptively prejudicial to defense). Still, this presumption of prejudice is extenuated by appellant's longtime acquiescence in the delay. *Compare id.* at 651–652 & fn. 42 (although defendant's initial delay in asserting his speedy trial right weighed against his claim, his "repeated assertion" of that right for an additional year weighed in his favor; noting that "once [defendant] had clearly asserted his right to a speedy trial, he should have been given one.").

In summary, appellant failed to demonstrate prejudice. This factor weighs

against finding a violation of his speedy trial right.

■ Having addressed the four *Barker* factors, we must now balance them. Weighing in favor of finding a violation of appellant's speedy trial right are the facts that the delay here was excessive and that the State offered no reason for the delay. Weighing against finding a violation of the right are the facts that appellant failed to demonstrate prejudice and that he quietly acquiesced in the delay for 3½ years, indicating that he really did not want a speedy trial. We hold that the weight of the four factors, balanced together, is against finding a violation of appellant's right to a speedy trial. See *Barker v. Wingo*, 407 U.S. at 534, 92 S.Ct. 2182 (where defendant was not seriously prejudiced by five year delay between arrest and trial and defendant did not want speedy trial, defendant's Sixth Amendment right to speedy trial not violated); *Phipps v. State*, 630 S.W.2d 942, 946 (Tex.Crim.App.1982) (where defendant demonstrated no prejudice by four year delay between arrest and trial and defendant waited until one month before trial to assert his right to a speedy trial, defendant's Sixth Amendment right to speedy trial not violated).

We reverse the judgment of the court of appeals and remand the case to that court so that it may address appellant's remaining points of error.