In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-523 CR


____________________



CLYDE EVERETT SNEED, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law


Orange County, Texas


Trial Cause No. 70119






MEMORANDUM OPINION


 A jury convicted Clyde Everett Sneed of driving while intoxicated. The trial court
assessed punishment and sentenced Sneed to a fine of $400 plus costs and six months in
the Orange County Jail. The imposition of the jail sentence was suspended and Sneed
placed under community supervision for two years. Sneed appeals raising three issues.

 In his first two issues, Sneed argues the evidence is legally insufficient to establish
he drove or operated a motor vehicle on a public road or highway. (1) Elizabeth Schreiber
testified she observed Sneed pull his truck off Parkside into the parking lot of the Bridge
City Community Center. According to Schreiber, she saw the truck while it was on
Parkside and observed it go straight into the parking lot. Schreiber did not lose sight of
the truck at any time between when she saw it on Parkside and when she spoke with the
driver of the truck, Sneed. Schreiber testified Parkside is a public road, as did Officer
Scott Barnes of the Bridge City Police Department. Sneed does not contest that Parkside
is a public road. 

 Accordingly, we find the trial court did not err in denying Sneed's motion for a
directed verdict on the basis the State failed to show Sneed committed the offense as
charged. Issue one is overruled. Viewing all of the evidence in the light most favorable
to the verdict, we find any rational trier of fact could have found beyond a reasonable
doubt that Sneed did drive or operate a motor vehicle on a public road. See Ovalle v.
State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000). Issue two is overruled.

 Sneed's final issue contends his constitutional right to a speedy trial was violated. 
Sneed was arrested on September 14, 1996. The record contains a written waiver of "all
rights to a Speedy Trial" filed March 11, 1997. The motion to dismiss for failure to
provide a speedy trial was first filed January 22, 2002. On August 12, 2002, Sneed moved
for a continuance and the trial court granted the motion. Trial then began November 12,
2002. 

 In determining whether a defendant has been denied his right to a speedy trial, we
consider the length of the delay, the reason for the delay, the defendant's assertions of the
right, and the prejudice resulting from the delay. See Dragoo v. State, 96 S.W.3d 308,
313 (Tex. Crim. App. 2003). The delay in this case was approximately six years and
stretched far beyond the minimum required to trigger a Barker analysis. Id. at 314. See
Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). 
Accordingly, this factor weighs heavily in favor of finding a violation of defendant's right.

 The reason for the delay offered by the State was the court's crowded docket. 
Deputy County Clerk Michael Gilbert testified that as of February 2002, there were over
8,000 criminal cases pending in the County Court at Law in Orange County. Gilbert
further testified he has held that position for almost seven years and was a deputy clerk in
March of 1996. He could not state how many cases were pending at that time but agreed
it would be fair to say there have been several thousand pending since he had been the
deputy clerk. Thus, it appears the delay arose from a neutral event and was not a
deliberate attempt to delay the trial or hamper the defense. See State v. McCoy, 94
S.W.3d 296, 302-03 (Tex. App.--Corpus Christi 2002, no pet.). The delay should
therefore not be weighed against the State. Id. at 303.

 Regarding the defendant's assertion of the right, we must first note that Sneed
waived his right to a speedy trial in writing. Further, Sneed did not assert his right for
more than five years. Sneed's failure to make a timely demand strongly indicates he did
not truly desire a speedy trial. Dragoo, 96 S.W.3d at 314. His inaction for such a lengthy
period weighs heavily against finding a violation. Id.

 We consider the prejudice resulting from the delay in light of the interests the right
to speedy trial is designed to protect: preventing oppressive pretrial incarceration,
minimizing the defendant's anxiety and concern, and limiting the possibility the defense
will be impaired. Dragoo, 96 S.W.3d at 315. Sneed was only incarcerated for a few
hours at the time of his arrest. Sneed testified the case hanging over his head had been
"worrisome" and had bothered him. He also feared it would affect his business life. On
cross-examination, Sneed testified he had not lost his job as a result of the case, he was not
seeing a psychiatrist, was not currently being treated for mental illness of any kind, was
not taking any medication for depression or anxiety, had not been treated by a psychiatrist
in the last six years, had not gone through counseling with a psychologist or any kind of
therapist in the last six years, did not recall whether his arrest appeared in the local paper,
and did not recall any media coverage of the arrest. In his brief, Sneed claims his ability
to present a successful defense was impaired due to the "poor memories" of the State's
witnesses. However, the testimony Sneed recounts does not speak to any of the essential
elements of the offense. Sneed has not demonstrated prejudice resulting from the delay.

 Weighing in favor of finding Sneed's right to a speedy trial was violated is the fact
that the delay was excessive. Weighing against such a finding are the facts that the State
offered a reason for the delay, Sneed failed to establish prejudice, Sneed affirmatively
waived his right to a speedy trial, and Sneed then acquiesced to the delay for nearly five
years. Accordingly, we find upon balance, the factors weigh against finding a violation
of the defendant's right to a speedy trial. Dragoo, 96 S.W.3d at 316. Issue three is
overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on November 19, 2003 

Opinion Delivered December 17, 2003

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.
1. The information charged that Sneed did "drive and operate a motor vehicle in a
public place to wit: a public road and highway. . . ."