11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ex
parte Volo Al Nelson

No. 11-04-00159-CR -- Appeal from Taylor County

 

Volo Al Nelson appeals the trial court=s denial of his pro se motion to Aset aside indictment as barred by time
limitations.@  We dismiss the appeal.

In a multi-count indictment, appellant was
indicted for possession of oxycodone, hydromorphone, and cocaine.  In his motion, appellant argued that the
indictment should be set aside because more than 180 days had Aexpired@
since the commencement of this criminal action. 
Appellant relied on the Speedy Trial Act, TEX. CODE CRIM. PRO. ANN. art.
32A.02 (Vernon 1989), to support his position that the trial court was required
to set aside the indictment because Alimitations@ had Aexpired.@ 
The trial court denied the motion. 
Appellant filed a pro se notice of appeal stating that he was appealing
the trial court=s Adecision to not set aside the
indictment in the above cause number, by way of pretrial writ of habeas corpus.@

On appeal, appellant raises the issue of double
jeopardy.  Appellant is apparently
raising that contention because film canisters containing hydromorphone,
oxycodone, and cocaine were introduced as State=s
exhibits at the sentencing phase of his trial for possession with the intent to
deliver heroin.[1]  The record from that proceeding reflects that
these items were found in appellant=s
car after his arrest for the possession of heroin offense.[2]  However, appellant did not present his double
jeopardy argument to the trial court, and the record before this court does not
reflect that appellant filed a pretrial writ of habeas corpus.[3]








The issue appellant did present to the trial court
and the issue in the order that he attempts to appeal is  the denial of his motion to dismiss the
indictment pursuant to the Speedy Trial Act. 
The Court of Criminal Appeals held that the Speedy Trial Act, Article
32A.02, was unconstitutional in Meshell v. State, 739 S.W.2d 246
(Tex.Cr.App.1987).  Therefore, the
statutory relief that appellant sought in the trial court -- the dismissal of
the indictment -- is no longer available.[4]  

The trial court=s
May 26, 2004, order is not an appealable order. 
The appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

February 17, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.

 











[1]The jury convicted appellant of the offense, and the
trial court assessed punishment at confinement for 30 years.  An appeal is pending in this court as Volo Al
Nelson v. State, Cause No. 11-03-00235-CR.





[2]In a letter, appellant has directed this court to this
evidence in the reporter=s record in Cause No. 11-03-00235-CR.  Volumes 11 and 12 of the reporter=s record in Cause No. 11-03-00235-CR are now filed in
this case.





[3]This court has received a copy of appellant=s pro se post-conviction writ of habeas corpus addressed
to the Court of Criminal Appeals.  We
note that there is no indication in the record before this court that a final
conviction has been entered in the present case.





[4]Constitutional speedy trial arguments can certainly be
raised on direct appeal.  Shaw v.
State, 117 S.W.3d 883 (Tex.Cr.App.2003); Dragoo v. State, 96 S.W.3d
308 (Tex.Cr.App.2003).