NO. 07-07-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2008
______________________________

TAMMY EMERY, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT OF OCHILTREE COUNTY;

NO. 16,790; HON. EARL MCKINLEY, PRESIDING
_______________________________

Memorandum Opinion
________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Tammy Emery challenges her conviction for making alcohol available to a minor. 
She contends that 1) the trial court erred in denying her motion to dismiss for failure to
grant her a speedy trial, and 2) the evidence was legally and factually insufficient to sustain
the conviction. We disagree and affirm the judgment. 
          Issue 1 - Speedy Trial
          In her first issue, appellant claims the trial court should have granted her motion to
dismiss for the failure of the State to provide her with a speedy trial. In determining
whether a violation of defendant’s right to a speedy trial has occurred, the trial court
balances factors such as 1) the length of and reason for the delay, 2) the defendant’s
assertion of his speedy trial right, and 3) any prejudice arising from the delay. Barker v.
Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116 (1972). No single
factor is necessary or sufficient, however. Dragoo v. State, 96 S.W.3d 308, 313 (Tex.
Crim. App. 2003). And, as long as the ruling is supported by the record and the law, we
cannot change it. Shaw v. State, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). Next, a
delay spanning a year is sufficient to trigger a speedy trial inquiry. Id. Here, appellant was
charged in December 2002, and her trial did not commence until May 2007. Because the
period of delay at bar “stretched far beyond the minimum needed to trigger the inquiry . . . .
this factor weighs heavily in favor of finding a violation of appellant’s right to a speedy trial.” 
Id. (involving a 38-month period). 
          With respect to the reason for the delay, both parties acknowledge that the original
judge disqualified himself and that the appointed judge retired while the proceeding was
pending.


 However, these matters do not explain a five-year delay in the trial. Given the
lack of such explanation, a “court may presume neither a deliberate attempt on the part of
the State to prejudice the defense nor a valid reason for the delay.” Dragoo v. State, 96
S.W.3d at 314. And, in such instances, the factor weighs against the State, but not
heavily. Id. 
          Next, the record shows that appellant said nothing about her right to a speedy trial
until she filed a motion to dismiss two months before trial. Such a delay in asserting the
right makes it difficult for her to prevail. Shaw v. State, 117 S.W.3d at 890. This is so
because it “indicates strongly that [she] did not really want . . . [a speedy trial] and that
[she] was not prejudiced by not having one.” Id. The longer the silence, the more likely
it is that a defendant who actually wanted a speedy trial would have acted to obtain one. 
Id. Thus, appellant’s silence not only strikes heavily against her, it also rebuffs any
presumption of prejudice to which she may have been entitled. See id. 
          Finally, the only prejudice appellant claimed to have suffered at the hearing was that
“witnesses’ memories are diminished in that length of time.” Yet, appellant tendered no
evidence to support the allegation at the hearing on her motion to dismiss. 
          In sum, while some of the factors bode against the State, one is not accorded much 
weight. Furthermore, the trial court also had basis to conclude that by withholding her
complaint until shortly before trial, the balance of the factors weighed against appellant. 
Thus, we cannot say that the decision of the court lacked evidentiary support or failed to
comport with the law, and we overrule the issue. See Shaw v. State, 117 S.W.3d at 890-91 (finding that an unjustified 3½ year delay without objection until the eve of trial did not
violate the defendant’s right to a speedy trial); Anderson v. State, 8 S.W.3d 387 (Tex. App.
–Amarillo 1999, pet. ref’d) (noting that a six-year delay was not sufficient to dismiss the
prosecution). 
          Issue 2 - Sufficiency of the Evidence
          Next, appellant claims the evidence was legally and factually insufficient to support
her conviction. We overrule the issue.
          The standards by which we review the sufficiency of the evidence are set forth in
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v.
State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to them for
explanation. 
          At trial, several witnesses testified for the State. Most of these witnesses were
underage at the time of the event, and all of them had little or no independent recollection
of the incident in question. However, their written statements, executed at the time of the
incident, were admitted into evidence, and various of those statements inculpated
appellant as the one who brought alcoholic beverages to the party.


 In contrast to the four
statements, appellant and her daughter Lauren both testified that appellant did not bring
any beer to the party. There was also evidence that some of the youths gave their
statement to avoid a citation for “minor in possession” or to retrieve personal property that
was supposedly taken from them by the police. Other evidence indicates that the
statements were dated prior to the date the event allegedly occurred. Nevertheless, these
circumstances simply raised issues of credibility for resolution of the factfinder. We do not
find the manner in which those issues were resolved to be so against the great weight of
the evidence or sufficient to undermine our confidence in the verdict. In sum, the evidence
is both legally and factually sufficient. 
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.