NO. 07-07-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2008
_____

TAMMY EMERY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT OF OCHILTREE COUNTY;

NO. 16,790; HON. EARL MCKINLEY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Tammy Emery challenges her conviction for making alcohol available to a minor. She contends that 1) the trial court erred in denying her motion to dismiss for failure to grant her a speedy trial, and 2) the evidence was legally and factually insufficient to sustain the conviction. We disagree and affirm the judgment.

*Issue 1 - Speedy Trial*

In her first issue, appellant claims the trial court should have granted her motion to dismiss for the failure of the State to provide her with a speedy trial. In determining

whether a violation of defendant's right to a speedy trial has occurred, the trial court balances factors such as 1) the length of and reason for the delay, 2) the defendant's assertion of his speedy trial right, and 3) any prejudice arising from the delay. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116 (1972). No single factor is necessary or sufficient, however. *Dragoo v. State,* 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). And, as long as the ruling is supported by the record and the law, we cannot change it. *Shaw v. State,* 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). Next, a delay spanning a year is sufficient to trigger a speedy trial inquiry. *Id.* Here, appellant was charged in December 2002, and her trial did not commence until May 2007. Because the period of delay at bar "stretched far beyond the minimum needed to trigger the inquiry . . . . this factor weighs heavily in favor of finding a violation of appellant's right to a speedy trial." *Id.* (involving a 38-month period).

With respect to the reason for the delay, both parties acknowledge that the original judge disqualified himself and that the appointed judge retired while the proceeding was pending.[1] However, these matters do not explain a five-year delay in the trial. Given the lack of such explanation, a "court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Dragoo v. State,* 96 S.W.3d at 314. And, in such instances, the factor weighs against the State, but not heavily. *Id.*

---

[1]The docket sheet indicates a "Motion to Disqualify/Order Appointing County Judge Pro Tem - Jim Brown" dated February 27, 2003. No other indication of these matters appears in the appellate record except for statements of counsel during the hearing on the motion to dismiss.

Next, the record shows that appellant said nothing about her right to a speedy trial until she filed a motion to dismiss two months before trial. Such a delay in asserting the right makes it difficult for her to prevail. *Shaw v. State,* 117 S.W.3d at 890. This is so because it "indicates strongly that [she] did not really want . . . [a speedy trial] and that [she] was not prejudiced by not having one." *Id.* The longer the silence, the more likely it is that a defendant who actually wanted a speedy trial would have acted to obtain one. *Id.* Thus, appellant's silence not only strikes heavily against her, it also rebuffs any presumption of prejudice to which she may have been entitled. *See id.*

Finally, the only prejudice appellant claimed to have suffered at the hearing was that "witnesses' memories are diminished in that length of time." Yet, appellant tendered no evidence to support the allegation at the hearing on her motion to dismiss.

In sum, while some of the factors bode against the State, one is not accorded much weight. Furthermore, the trial court also had basis to conclude that by withholding her complaint until shortly before trial, the balance of the factors weighed against appellant. Thus, we cannot say that the decision of the court lacked evidentiary support or failed to comport with the law, and we overrule the issue. *See Shaw v. State,* 117 S.W.3d at 890-91 (finding that an unjustified 3½ year delay without objection until the eve of trial did not violate the defendant's right to a speedy trial); *Anderson v. State,* 8 S.W.3d 387 (Tex. App. –Amarillo 1999, pet. ref'd) (noting that a six-year delay was not sufficient to dismiss the prosecution).

*Issue 2 - Sufficiency of the Evidence*

Next, appellant claims the evidence was legally and factually insufficient to support her conviction. We overrule the issue.

3

The standards by which we review the sufficiency of the evidence are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to them for explanation.

At trial, several witnesses testified for the State. Most of these witnesses were underage at the time of the event, and all of them had little or no independent recollection of the incident in question. However, their written statements, executed at the time of the incident, were admitted into evidence, and various of those statements inculpated appellant as the one who brought alcoholic beverages to the party.[2] In contrast to the four statements, appellant and her daughter Lauren both testified that appellant did not bring any beer to the party. There was also evidence that some of the youths gave their statement to avoid a citation for "minor in possession" or to retrieve personal property that was supposedly taken from them by the police. Other evidence indicates that the statements were dated prior to the date the event allegedly occurred. Nevertheless, these circumstances simply raised issues of credibility for resolution of the factfinder. We do not find the manner in which those issues were resolved to be so against the great weight of

---

[2]While appellant asserts that those statements should not be considered because they were "inadmissible under TRE 803(5)" and lacked indicia of trustworthiness and reliability because they were not supported by other evidence, her allegations to that effect are conclusory and without citation to authority. Moreover, she proffered no issue or point of error directly attacking their admission. And, aside from asserting below that the information was inadmissible because the witnesses did not remember making the statements, the grounds asserted before us which purportedly justify exclusion were not raised below. So, they were waived. *See Sorto v. State,* 173 S.W.3d 469, 476 (Tex. Crim. App. 2005) (holding that the defendant failed to preserve his complaint when the trial objection did not comport with the issue raised on appeal). Finally, the objection uttered at trial pertained to the admission of the documents themselves. Appellant did not object to the oral disclosure of what was written in them. So, since the contents of various statements inculpating appellant were read to the jury in one way or another, their information was before the factfinder for purposes of considering guilt.

4

the evidence or sufficient to undermine our confidence in the verdict.  In sum, the evidence is both legally and factually sufficient.

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.