

# NUMBER 13-11-00012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE GUADALUPE CASTILLO,                                        Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 24th District Court
## of Jackson County, Texas.

# MEMORANDUM OPINION
### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Jose Guadalupe Castillo appeals the trial court's denial of his motion to dismiss his indictment on the grounds that it violated his right to a speedy trial. Because we hold that there was no violation of Castillo's sixth amendment right to a speedy trial, we affirm.

## I. BACKGROUND

The record shows that Castillo was taken into custody in November of 2009. He was charged by indictment with arson of a habitation, *see* TEX. PENAL CODE ANN. § 28.02(a)(2) (West 2011), and the charge was enhanced with a prior felony conviction for possession of a firearm by a prohibited person. *See id.* § 46.04 (West 2011). The trial court appointed attorney Will Denton to represent Castillo on November 24, 2009. Nearly eight months later, Denton filed a motion to withdraw as counsel for Castillo, citing an illness in his family and his impending retirement as grounds for the withdrawal. The trial court granted the motion and substituted attorney Micah Hatley as counsel of record for Castillo on August 12, 2010. Less than a month later, on August 30, 2010, Hatley withdrew, and the trial court appointed Bill White to represent Castillo at trial.

Castillo waived his right to a jury trial. Prior to the bench trial, he filed a motion to dismiss the indictment based on the thirteen-month delay between his arrest and his date of trial. At the hearing on the motion, the trial court heard evidence from the prosecution that the State was "ready, willing, and able to try Mr. Castillo at any time" during attorney Denton's representation of Castillo. However, the State argued that attorney Denton repeatedly reset the case because plea negotiations were ongoing and Denton believed he could get a more favorable result for his client if he continued negotiating. The prosecutor argued that "the resets were signed by [Castillo] agreeing to the resets by Mr. Denton."

The trial court denied the motion to dismiss and proceeded with the bench trial. The trial court found Castillo guilty of arson of a habitation and assessed fifty years of imprisonment in the Texas Department of Criminal Justice—Institutional Division, with a $5,000 fine and court costs. Castillo appealed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review alleged violations of the right to a speedy trial under a bifurcated standard of review: all legal issues are considered under a de novo standard, but we give deference to the trial court's factual findings. *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005).

Criminal defendants are entitled to a speedy trial under both federal and state constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The United States Supreme Court has held that the following factors must be weighed by a reviewing court to determine whether the defendant's constitutional right to a speedy trial has been violated:

(1)    the length of the delay;

(2)    the reason for the delay;

(3)    the defendant's assertion of his speedy trial right; and

(4)    prejudice to the defendant from the delay.

*Barker v. Wingo*, 407 U.S. 514, 515 (1972). Although the constitutional speedy trial rights of Texas and the United States are independent, Texas courts look to federal courts in determining state constitutional rights and use the *Barker* test to determine

whether a defendant has been denied his state speedy trial right.   *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992); *State v. Flores*, 951 S.W.2d 134, 137 (Tex. App.—Corpus Christi 1997, no pet.).

A speedy trial claim is not ripe unless a period of time has passed that is unreasonable under the circumstances.   *See Doggett v. United States*, 505 U.S. 647, 651–52 (1990).   Generally speaking, a one-year delay is sufficient to trigger a speedy-trial inquiry.   *See Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). However, a delay caused in whole or in part by the defendant can constitute a waiver of a speedy trial claim.   *See State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999).

## B.     Analysis

Here, the record shows that Castillo's defense strategy was the primary reason for the thirteen-month delay from his time of arrest to the time of trial.   According to the testimony adduced at the hearing, Castillo's first attorney, Denton, repeatedly asked for resets as part of Castillo's defense strategy; Denton believed that his continued plea negotiations would be successful.   *See Doggett*, 505 U.S. 651–52.   The testimony also showed that Castillo agreed to the resets.   In light of this testimony, the thirteen-month delay to trial was not unreasonable.   Further, this delay was caused in part by the defendant.   *See Munoz*, 991 S.W.2d at 822.   Accordingly, we hold that the trial court did not did not err in overruling Castillo's motion to dismiss.   *See Kelly*, 163 S.W.3d at 726.

4

### III. Conclusion

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed the
28th day of June, 2012.