

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00151-CR

Brijido Andres **MUNOZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-1044B
Honorable Melisa Skinner, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:       Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  December 28, 2012

AFFIRMED

Brijido Andres Munoz was indicted for capital murder. A jury found Munoz guilty of the lesser included offense of aggravated robbery, and Munoz was sentenced to confinement for thirty years. Munoz appeals, arguing he was denied his Sixth Amendment right to a speedy trial. We affirm the judgment.

On a night in October 2008, Manuel Barrera was killed when three men were attempting to rob Barrera and his mother-in-law. Munoz was arrested for the crime on November 5, 2008, and he was indicted for capital murder in February 2009. When his case was called for trial in

February 2012, Munoz moved to dismiss the indictment, asserting his right to a speedy trial had been violated. The trial court denied the motion. In his sole point on appeal, Munoz argues the trial court's ruling was error.

We review a trial court's ruling on a motion to dismiss for want of a speedy trial in light of the arguments, information, and evidence that was available to the trial court at the time it ruled. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). We must uphold the trial court's ruling if it is supported by the record and is correct under the applicable law. *Id.* In determining whether a defendant has been denied his constitutional right to a speedy trial, we use a balancing test in which the conduct of both the State and the defendant are weighed. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Shaw*, 117 S.W.3d at 888. The factors to be considered include the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. *Barker*, 407 U.S. at 530; *Shaw*, 117 S.W.3d at 888-89. No single factor is necessary or sufficient to establish a violation of the defendant's right to a speedy trial. *Barker*, 407 U.S. at 533; *Shaw* 117 S.W.3d at 889.

*Length of Delay*

A delay approaching one year is sufficient to trigger a speedy trial inquiry. *Shaw*, 117 S.W.3d at 889. Because the delay of more than three years between Munoz's arrest and his trial was far more than the minimum needed to trigger the inquiry, this factor "weighs heavily in favor of finding a violation of appellant's right to a speedy trial." *Id.*

*Reasons for delay*

Under *Barker* we assign different weights to different reasons for the delay. *Barker*, 407 U.S. at 531. We weigh a deliberate attempt to delay the trial heavily against the government. *Id.*; *State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999). We weigh a "more neutral reason such as negligence or overcrowded courts" less heavily against the State. *Barker*, 407 U.S. at

531; *Munoz*, 991 S.W.2d at 822. "A valid reason for the delay should not be weighed against the government at all." *Munoz*, 991 S.W.2d at 822. And delay attributable in whole or in part to the defendant may constitute a waiver of a speedy trial claim. *Barker*, 407 U.S. at 528–30; *Munoz*, 991 S.W.2d at 822.

The State has the burden of justifying the delay. *Shaw*, 117 S.W.3d at 889–90. However, in the absence of an assigned reason for the delay, we may not presume either a deliberate attempt by the State to prejudice the defense or a valid reason for the delay. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). Moreover, in reviewing the trial court's ruling, we may only consider the arguments appellant made to the trial court in support of his motion to dismiss. *Id.* at 313.

There was a delay of 39 months in this case – from Munoz's November 2008 arrest until his February 2012 trial. However, both in the trial court and in his appellate brief, Munoz complains only about the nine month delay from the date of the first trial setting in May 2011 until his February 2012 trial, arguing that entire delay was due to the State's "spurious" interlocutory appeal.

The record of a January 11, 2011, scheduling conference indicates the case had recently been transferred from one trial court to another. The parties advised the second court there had not been any previous trial setting and the record does not contain any express explanation for the delay from November 2008 to January 2011. We note, however, that in December 2010, defense counsel requested and the court approved payment for additional time beyond that authorized by the plan to pay court-appointed attorneys. The motion asserted the time was needed to "properly plan, prepare, and investigate the case." Also in December 2010, the trial court granted the defense's motions for appointment of mitigation and psychological experts to assist counsel in preparation of the case. This suggests the defense was not prepared to try the

case before then. Nevertheless, because Munoz does not complain about this period of delay and the State did not attempt to justify the delay, we do not attribute the delay from November 2008 to January 2011 against either party.

The record of the January 2011 hearing establishes that the first date the court had available to try a capital case was April 29, 2011, and the prosecutor stated he would be ready that date. However, defense counsel had scheduling conflicts that precluded a trial setting before May 31, 2012. Munoz's attorney objected to that setting because he wanted one of his co-defendants to be tried first. The court overruled the objection and set the case for a May 31, 2012 trial. The three month delay because of the court's docket is weighed slightly against the State, and the one month delay because of defense conflicts is weighed slightly against Munoz. *See Munoz*, 991 S.W.2d at 822.

Munoz's principal complaint concerns the delay occasioned by the State's appeal of a pretrial order signed by the trial court. The trial court held hearings on pretrial motions in April and May 2011. The court orally denied the defense's motion to suppress at a hearing on April 7. The court continued hearing pretrial motions on May 24, and took the defense's motions in limine under advisement. On May 25, 2011, the trial court signed an order stating that the defendant's motion to suppress was granted as to some of his statements. The State filed a notice of appeal pursuant to article 44.01 of the Texas Code of Criminal Procedure, certifying that the evidence suppressed was of substantial importance to the case. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2012). The State also asserted its right to a stay of the proceedings pending the disposition of the appeal. *See id.* art. 44.01(e). The attorneys appeared in the trial court on May 31, after the notice of appeal had been filed. The trial court stated it was staying the proceedings, but advised the parties it had signed the order granting the motion to suppress in error. The trial judge also added the following handwritten annotation at the bottom of the order

granting the motion to suppress: "Suppression Order signed in error – Denied on the record 4/7/11. Vacated Motion in Limine should have been signed on date above."

On July 25, after the appellate record had been filed, but before any briefing in the appeal, the State's appellate counsel filed a motion to abate the appeal and restore jurisdiction to the trial court for the purpose of signing an order that actually reflected the trial court's rulings. Before the appeal could be abated, the trial judge filed a written response to the State's motion. This court ruled that the trial court's written response to the motion to abate was an unambiguous denial of the motion to suppress, and on August 31, 2011, we issued an order dismissing the appeal for want of jurisdiction and lifted the stay. This court's mandate issued November 11, 2011, and trial was held February 2, 2012.

Munoz does not challenge the State's right to take an interlocutory appeal from an order granting a motion to suppress, nor its argument that the evidence the trial court's May 25 order purported to suppress was of substantial importance to the State's case. Rather, he contends the appeal was "outrageous" and "spurious" because the trial court made it clear to the parties that it intended to deny the motion to suppress. We decline to charge the three month delay occasioned by the appeal against the State. The trial court's written order suppressed evidence, and its handwritten clarification on May 31, after the notice of appeal was filed, was ambiguous at best and arguably did not withdraw or vacate the appealed order. Nothing in the record suggests the State acted with intent to delay the trial. The State was exercising its statutory right to appeal an adverse pretrial evidentiary ruling that it considered important to proving its case. We conclude the State justified the three-month delay caused by the appeal.

The record is silent as to why no party sought early issuance of the mandate from this court or why the case was not set for trial until four months after the mandate issued. Because the six-month delay from August 31, 2011 until trial is unexplained, we weigh this part of the delay

slightly against the State. However, we find no evidence of any deliberate attempt by the State to delay or to prejudice the defense.

*Munoz's assertion of his right*

A defendant's failure to seek a speedy trial makes it difficult for him to prevail on a claim that his right to a speedy trial was violated. *Barker*, 407 U.S. at 532; *Shaw*, 117 S.W.3d at 890. A defendant's failure to timely demand a speedy trial "indicates strongly that he did not really want one and that he was not prejudiced by not having one." *Shaw*, 117 S.W.3d at 890. "[T]he longer the delay becomes, the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one. Thus, a defendant's inaction weighs more heavily against a violation the longer the delay becomes." *Id.* (citations omitted). Also relevant to the inquiry is whether the defendant actually asked for a prompt trial. Although a motion to dismiss gives notice to the State of a speedy trial claim, asking for a dismissal instead of a prompt trial attenuates the strength of the claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983); *Marquez v. State*, 165 S.W.3d 741, 749 (Tex. App.— San Antonio 2005, pet. ref'd).

The first complaint about delay that appears in the record is in a motion Munoz filed November 1, 2011, three years after his arrest. Munoz sought release on personal bond or reduction of his bail because of the delay in bringing him to trial. However, the motion did not ask for a prompt trial and was not presented to the court until February 21, 2012. When the case was called for trial on February 21, Munoz moved to dismiss the indictment because he had been denied a speedy trial.[1] Munoz failed to assert his rights for over three years, until the day trial started, although he was represented by counsel at all times. Munoz's acquiescence to the

---

[1] Munoz contends that he asserted his right to a speedy trial by announcing ready for trial on May 31, 2011. When the case was called in February 2012, the trial judge stated it was her recollection that the defense had been ready that date. However, the reporter's record of the May 31, 2011 proceeding reflects that when the parties appeared before the court, the State had already filed its notice of appeal. The trial court stated it was staying the proceedings and the case was not called for trial. The court did not ask for announcements, none were made, and Munoz did not assert a right to a speedy trial on the record.

lengthy delay "weighs very heavily against" finding a violation of the speedy trial right. *See Shaw*, 117 S.W.3d at 890; *Dragoo*, 96 S.W.3d at 315.

*Prejudice to the defendant resulting from the delay*

A defendant claiming his right to a speedy trial has been violated has the burden to make some showing of prejudice. *Munoz*, 991 S.W.2d at 826. Munoz did not assert he had been prejudiced in any way when he presented his motion to dismiss the indictment to the trial court. On appeal, he contends he was presumptively prejudiced by his lengthy pretrial incarceration. Munoz made no allegation or showing that he suffered excessive anxiety or concern because of the delay. Nor does he allege that his ability to defend himself was compromised in any way by the delay. *See Shaw*, 117 S.W.3d at 890-91 (discussing interests protected by right to speedy trial). We conclude Munoz's showing of prejudice was minimal and any presumed prejudice is "extenuated by appellant's longtime acquiescence in the delay." *See Shaw*, 117 S.W.3d at 890.

**Conclusion**

The length of the delay and the States' failure to justify parts of it weigh against the State. However, Munoz's failure to demonstrate any prejudice, and his long acquiescence in the delay weigh strongly against a finding that his right to a speedy trial was violated. We conclude the trial court's ruling denying Munoz's motion to dismiss the indictment is supported by the record and the law. Accordingly, we affirm the trial court's judgment.

Steven C. Hilbig, Justice

DO NOT PUBLISH