**Order entered September 25, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00560-CR

## JOSE DAVID GUTIERREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F16-23201-H**

### ORDER

On September 22, 2020, appellant filed a motion for extension of time to file his brief. Two days later, he tendered his brief and an affidavit executed September 22, 2020. The affidavit, executed by appellant's wife, states that she was present and prepared to testify at trial but was not called as a witness. The affidavit then details what her testimony would have been if she had been called to testify.

An appellate court may not consider factual assertions that are outside the record, and a party cannot circumvent this prohibition by submitting an affidavit

for the first time on appeal. *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *Moore v. State*, 999 S.W.2d 385, 398 (Tex. Crim. App. 1999); *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). An appellate court's review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).

The affidavit appellant filed with this Court was not evidence at trial, nor was it part of the reporter's or clerk's record in this case. Because it is not properly before the Court, we **STRIKE** the affidavit.

We **GRANT** appellant's motion and **ORDER** the brief received by the Court on September 24, 2020 filed as of the date of this order.

The State's brief is **DUE** on October 26, 2020.

/s/ BILL PEDERSEN, III
   JUSTICE