

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-23-00235-CR

___

THE STATE OF TEXAS, APPELLANT

V.

CORBIN VOSS, APPELLEE

On Appeal from County Court at Law Number 9
Bexar County, Texas
Trial Court No. 680611, Honorable Gloria Saldana, Presiding

November 8, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

The State of Texas appeals from the trial court's order dismissing its case against Appellee, Corbin Voss, for violating his constitutional right to a speedy trial. By a sole issue, the State asserts the trial court misapplied the factors in *Barker v. Wingo*. Specifically, the State argues the trial court failed to properly weigh Voss's acquiescence

to the delay and there was a minimal showing of prejudice against the State's reasons for the delay.[1]  We affirm.

**BACKGROUND**

Voss was arrested on March 8, 2022, for driving while intoxicated.  At that time, he was a part-time college student and was also employed.  He was charged by information on August 3, 2022.  On March 27, 2023, a year after his arrest, Voss filed his *Assertion of Right to Speedy Trial*.  Approximately two months later, he filed a motion to set aside the information for failure to afford him a speedy trial.  The trial court held a hearing on May 1, 2023, at which Voss was the only witness.  Following the hearing, the trial court signed an order granting Voss's motion to set aside the information for failure to grant him a speedy trial.  The State appealed the ruling.

**RIGHT TO A SPEEDY TRIAL**

The Sixth Amendment to the United States Constitution guarantees the accused's right to a speedy trial.  U.S. CONST. amend. VI; *Hopper v. State*, 520 S.W.3d 915, 923 (Tex. Crim. App. 2017).  In determining whether that right was violated, a reviewing court must balance four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the time at which the accused asserted the right, and (4) the prejudice, if any, suffered by

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Fourth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

the defendant due to the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

The first factor, the length of the delay, is a "triggering mechanism" for the analysis under the remaining factors. *State v. Munoz,* 991 S.W.2d 818, 821 (Tex. Crim. App. 1999) (citing *Barker,* 407 U.S. at 531). A defendant must show the delay was "presumptively prejudicial" before consideration of the remaining factors is necessary. *Id.* In reviewing a claim of a violation of the right to a speedy trial, we apply a bifurcated standard: an abuse of discretion standard for the factual components and a de novo standard for legal components. *State v. Lopez*, 631 S.W.3d 107, 113–14 (Tex. Crim. App. 2021). Where, as here, the State does not request findings of fact and conclusions of law, we imply all findings necessary to support the trial court's ruling if those findings are supported by the record. *Balderas v. State*, 517 S.W.3d 756, 767–68 (Tex. Crim. App. 2016).

**ANALYSIS**

**Length of Delay**

To calculate the length of the delay, a reviewing court measures from the time the accused is arrested or formally accused. *Gonzales v. State*, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014). The "speedy-trial clock" thus starts when a formal indictment, information, or actual arrest occurs. *United States v. Marion*, 404 U.S. 307, 320, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). Generally, a delay of eight months is presumptively prejudicial and triggers a speedy trial analysis. *Lopez*, 631 S.W.3d at 113. Circumstances considered in the length of the delay include the nature of the charged

3

offense and whether the defendant can make bail or must await trial while confined. *Barker*, 407 U.S. at 519–20.

In the underlying case, the State yielded the delay was beyond what is presumptively prejudicial and urged the trial court to balance the remaining *Barker* factors. The delay beyond the bare minimum needed to trigger judicial examination of Voss's speedy trial claim weighs heavily against the State. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (State conceded the delay in "this plain-vanilla DWI case") was sufficient to trigger analysis of the *Barker* factors).

**Reasons for Delay**

The burden of justifying the delay is on the State. *State v. Melendez*, Nos. 04-18-00478-CR, 04-18-00479-CR, 2019 Tex. App. LEXIS 7109, at *5 (Tex. App.—San Antonio Aug. 14, 2019, no pet.) (mem. op., not designated for publication). Valid reasons for delay do not weigh against the State, whereas bad-faith delays weigh heavily against the State. *Hopper v. State*, 495 S.W.3d 468, 474 (Tex. App.—Houston [14th Dist.] 2016), *aff'd*, 520 S.W.3d 915 (Tex. 2017). Neutral reasons, such as negligence or overcrowded courts, weigh against the State, although less heavily, because the responsibility for such circumstances rests with the government, not the defendant. *Barker*, 407 U.S. at 531.

During the hearing, numerous reasons were offered for the delay. Initially, the case was filed in County Court at Law Number Two but was transferred in June 2022 to County Court at Law Number Nine. The trial court explained as follows:

> I don't know how to say this in a nice way. There was involvement by the County Clerk with taking files out of that court and only providing the docket files. . . . So while that's no fault of the DA's Office . . . it seems to me that

4

there was interference with court proceedings by not allowing the Court to have the tools it needed to make sure that people's Constitutional rights were protected. . . .

The trial court attributed some of the delay to "administrative problems" and acknowledged "actions by the County Clerk that interfered with our proceedings." The trial court advised the parties that a notice was sent to the County Clerk "to stop interfering with court proceedings or we would have to issue a hearing on contempt." *See Huff v. State*, 467 S.W.3d 11, 29 (Tex. App.—San Antonio 2015, pet. ref'd) (attributing some of the delay by negligence of court clerk and finding it weighed against the State). The trial court continued that county court cases generally involve first-time offenders and there is no "right to interfere with their normal lives and their employment and their personal lives."

The record shows the Covid-19 pandemic prevented in-person trials in the jurisdiction until October 2022, seven months after Voss's arrest. The trial court recognized the pandemic did not waive or make the Constitution unenforceable. The State also cited the pandemic and overcrowding as reasons for the delay and acknowledged those factors weigh against the State.

Although the State asserted the delay was due in part to Voss's failure to invoke his right to a speedy trial, the record shows otherwise. As noted herein, Voss asserted his right to a speedy trial on March 27, 2023, and moved to set aside the information on May 12, 2023. Although the trial court observed the county clerk's interference was not attributable to the State, *Huff* found the court clerk's negligence in delaying trial weighed against the State. *Id.* at 29. Additionally, the prosecutor conceded the pandemic and overcrowding also weigh against the State. Although the State did not act in bad faith,

as the government entity responsible for prosecuting Voss, we find the delay demonstrated by the record weighs against the State.

**Assertion of the Right**

A defendant may assert his constitutional right to a speedy trial by requesting a trial date. *Velasco v. State*, No. 04-22-00030-CR, 2023 Tex. App. LEXIS 5247, at *15 (Tex. App.—San Antonio July 19, 2023, no pet.) (mem. op., not designated for publication) (citing *Cantu v. State*, 253 S.W.3d 273, 283–84 (Tex. Crim. App. 2008)). A defendant's failure to make a timely demand for a speedy trial "indicates strongly that he did not really want a speedy trial" and was not prejudiced by the lack of one. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (quoting *Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App. 1992), *cert. denied*, 506 U.S. 942 (1992)).

The record shows Voss filed an *Assertion of Right to Speedy Trial*. There is nothing in the record to indicate he did not want a speedy trial. Additionally, his request to set aside the information did not weaken his assertion of his right because he "ha[d] no duty to bring himself to trial; that [was] the State's duty." *Melendez*, 2019 Tex. App. LEXIS 7109, at *11. We find Voss's assertion of his right "is entitled to strong evidentiary weight." *Zamorano*, 84 S.W.3d at 651.

**Prejudice by the Delay**

A delay in trial may result in oppressive incarceration, anxiety, and concerns of the accused, as well as possible impairment to the defense. *Barker*, 407 U.S. at 532. Impairment to the defense is the most serious because the inability of a defendant to adequately prepare his defense skews the fairness of the system. *Id.*

Voss testified the delay in trial caused him stress, anxiety, and loss of sleep. He worried about how the DWI charge would affect his education and employment. The pending case caused him to miss important family events because he was unable to obtain permission to attend from his pretrial officer.

During cross-examination, he testified he was incarcerated for approximately twenty-four hours. When asked if any defense witnesses had been lost due to the delay, he answered "no." Thus, he was not prejudiced by oppressive incarceration and the defense did not lose any witnesses. Anxiety, although relevant, is not sufficient proof of prejudice under *Barker*, especially when it is not greater anxiety or concern beyond the level normally associated with a criminal charge or investigation. *Cantu*, 253 S.W.3d at 286. The record establishes the absence of serious prejudice from the delay. Thus, Voss's testimony that he was stressed and anxious is not sufficient to cause the prejudice prong to weigh in his favor.

Having analyzed the *Barker* factors, we must balance them "with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial have been infringed." *Balderas*, 517 S.W.3d at 773. The delay, the reasons for the delay, and Voss's assertion of his right to a speedy trial weigh in his favor. The prejudice factor, however, weighs against him. The weight of the four factors, when balanced together, result in a finding of a violation of Voss's right to a speedy trial. Viewing the evidence in the light most favorable to the trial court's order, we conclude Voss's right to a speedy trial was violated. The State's sole issue is overruled.

7

**CONCLUSION**

The trial court's *Order to Dismiss* is affirmed.

Alex Yarbrough
Justice

Do not publish.