Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-12-00040-CR

Ervey Lopez **SEGURA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR9761
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: October 31, 2012

AFFIRMED

The sole issue raised by Ervey Lopez Segura on appeal is that the trial court erred in denying his motion to dismiss for lack of a speedy trial. We overrule this issue and affirm the trial court's judgment.

### *BARKER V. WINGO* FACTORS

Courts must balance four factors when analyzing a speedy trial claim. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). These

factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530; *Cantu*, 253 S.W.3d at 280. No single factor is necessary or sufficient to establish a violation of the right to a speedy trial; "[r]ather, they are related factors and must be considered together." *Barker*, 407 U.S. at 533. In conducting this balancing test, we weigh "the conduct of both the prosecution and the defendant." *Id*. at 530.

"While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and showing prejudice." *Cantu*, 253 S.W.3d at 280. "The defendant's burden of proof on the latter two factors 'varies inversely' with the State's degree of culpability for the delay." *Id*. "Thus, the greater the State's bad faith or official negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial." *Id*. at 280-81.

### STANDARD OF REVIEW

In an appeal of a trial court's ruling on a speedy trial claim, we apply an abuse of discretion standard in reviewing the trial court's resolution of factual issues; however, we apply a *de novo* standard in reviewing legal conclusions. *Cantu*, 253 S.W.3d at 282. A review of the four *Barker v. Wingo* factors necessarily involves factual determinations and legal conclusions, but the balancing of the four factors as a whole is a purely legal question. *Id*.

Under the abuse of discretion standard applicable to factual issues, we defer not only to a trial court's resolution of disputed facts, but also to the trial court's right to draw reasonable inferences from those facts. *Id*. "In assessing the evidence at a speedy-trial hearing, the trial judge may completely disregard a witness's testimony, based on credibility and demeanor evaluations, even if that testimony is uncontroverted." *Id.* "The trial judge may disbelieve any

evidence so long as there is a reasonable and articulable basis for doing so[,] [a]nd all of the evidence must be viewed in the light most favorable to the [trial court's] ultimate ruling." *Id*. Because Segura lost in the trial court on his speedy-trial claim, "we presume that the trial judge resolved any disputed fact issues in the State's favor, and we defer to the implied findings of fact that the record supports." *Id*.

APPLICATION AND BALANCING OF *BARKER V. WINGO* FACTORS

### A.    Length of Delay

The length of delay is the "triggering mechanism" for an analysis of the remaining three factors and is measured from the date the defendant is arrested or formally accused. *Cantu*, 253 S.W.3d at 281. The balancing test is "triggered by a delay that is unreasonable enough to be 'presumptively prejudicial.'" *Id*. "There is no set time element that triggers the analysis, but . . . a delay of four months is not sufficient while a seventeen-month delay is." *Id*.

Segura was arrested on May 28, 2009, and his trial commenced on December 1, 2011. This two and one-half year delay is sufficient to trigger a speedy trial analysis. *See id*.

### B.    Reason for the Delay

Once it is determined that a presumptively prejudicial delay has occurred, the State bears the burden of justifying the delay. *Id*. at 280. Intentional prosecutorial delay is weighed heavily against the State, while more "neutral" reasons, such as negligence or overcrowded dockets, are weighed less heavily against it. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (quoting *Barker*, 407 U.S. at 531). "In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

The record establishes that Segura was indicted for robbery on August 26, 2009, reindicted for aggravated robbery on February 25, 2010, and again reindicted for robbery on November 15, 2011. As previously noted, Segura went to trial on December 1, 2011. Segura argues that the reindictments were an intentional act by the State; therefore, this factor should weigh heavily against the State. The record, however, contains no evidence regarding the reason for the reindictments. Accordingly, contrary to Segura's argument, the trial court was not required to draw an inference of intentional prosecutorial delay from the evidence of the reindictments. *See Cantu*, 253 S.W.3d at 282 (appellate court defers to trial court's right to draw inferences). In addition, no evidence was presented to show that any continuances were sought by either party. Since the reason for the delay does not appear on the record, this factor weighs against the State; however, it is not weighed heavily against it. *See Dragoo*, 96 S.W.3d 314.

### C. Assertion of the Right

Although it is the State's duty to bring the defendant to trial, "a defendant does have the responsibility to assert his right to a speedy trial." *Cantu*, 253 S.W.3d at 282. "Whether and how a defendant asserts this right is closely related to the other three factors because the strength of his efforts will be shaped by them." *Id*. at 282-83. "The more serious the deprivation, the more likely a defendant is to complain." *Id*. at 283. "Therefore, the defendant's assertion of his speedy-trial right (or his failure to assert it) is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Id*. "Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one." *Id*. "If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, he should provide cogent reasons for this failure." *Id*. "Repeated requests for a speedy trial weigh heavily in favor of the defendant, while the failure to

make such requests supports an inference that the defendant does not really want a trial, he wants only a dismissal." *Id.*

Segura never filed a motion seeking a speedy trial. Instead, two and one-half years after his arrest, he filed a motion to dismiss two days before the trial was to commence. This factor weighs heavily against Segura. *See Prihoda v. State*, 352 S.W.3d 796, 805 (Tex. App.—San Antonio 2011, pet. ref'd).

### D.      Prejudice

The fourth factor in the balancing test examines "whether and to what extent the delay has prejudiced the defendant." *Cantu*, 253 S.W.3d at 285. "When a court analyzes the prejudice to the defendant, it must do so in light of the defendant's interests that the speedy-trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired." *Id.* The last type of prejudice is the most serious because a defendant's inability to adequately prepare his case "skews the fairness" of the system. *Id.* Although excessive delay is presumed to compromise a defense, the presumption is extenuated when the defendant acquiesces in the delay. *Dragoo*, 96 S.W.3d at 315.

In this case, the only comment made by defense counsel was that Segura had remained incarcerated from the time of his arrest until trial.[1] No evidence was presented to show Segura's defense was impaired by the delay. Because Segura failed to show any prejudice to his defense and he acquiesced in the delay, this factor weighs against him. *Dragoo*, 96 S.W.3d at 315, *Prihoda*, 352 S.W.3d at 805.

---

[1] Although Segura's brief cites testimony from the sentencing hearing to support his argument regarding prejudice, this evidence was not presented to the trial court before it made a ruling on Segura's motion to dismiss at the conclusion of the guilt/innocence phase of the bench trial.

### E.      Balancing the Four Factors

Although the two and one-half year delay in this case triggered a speedy trial analysis, no reason for the delay appeared on the record other than whatever inferences could be drawn from the fact that Segura was reindicted two times.  Moreover, Segura did not assert his right to a speedy trial until two days before the trial commenced and then sought a dismissal.  Finally, the record contains no evidence Segura's defense was prejudiced by the delay.  Having reviewed the four factors, we conclude the trial court did not err in denying Segura's motion to dismiss.

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH