ACCEPTED
14-15-00045-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 6:02:01 AM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00045-CR
IN THE COURT OF APPEALS
14th JUDICIAL DISTRICT OF TEXAS
HOUSTON DIVISION

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 6:02:01 AM
CHRISTOPHER A. PRINE
Clerk

**RENE HERNANDEZ,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee.

_____

On Appeal from the 434th District Court of
Fort Bend County, Texas

_____

**APPELLANT'S BRIEF**

**ORAL ARGUMENT REQUESTED**

_____

TONI L. SHARRETTS
State Bar No. 24037476
11054 North Hidden Oaks
Conroe, Texas 77384
(281) 827-7749 - Telephone
iceattorney@aol.com

ATTORNEY FOR APPELLANT

## LIST OF NAMES OF PARTIES IN INTEREST

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.   These representatives are disclosed in order that the Judges of this Court may evaluate possible disqualification or recusal:

APPELLANT:
RENE HERNANDEZ c/o Toni L. Sharretts, Esq.
11054 North Hidden Oaks, Conroe, Texas  77384
(281) 827-7749 - Telephone
iceattorney@aol.com - email

DEFENSE TRIAL ATTORNEY AND APPELLATE FOR APPELLANT :
Toni L. Sharretts
State Bar No. 24037476
11054 North Hidden Oaks, Conroe, Texas  77384
(281) 827-7749 - Telephone
iceattorney@aol.com

PROSECUTING TRIAL COUNSEL FOR THE STATE - APPELLEE:
Mr. Mark LaForge, Assistant District Attorney
State Bar No.  24048600
301 Jackson, Richmond, Texas  77469
(281) 633-7638 - Telephone
Mark.LaForge@fortbendcountytx.gov

STATE'S APPEAL COUNSEL FOR THE STATE - APPELLEE:
Mr. Mark LaForge, Assistant District Attorney
State Bar No.  24048600
301 Jackson, Richmond, Texas  77469
(281) 633-7638 - Telephone
Mark.LaForge@fortbendcountytx.gov

PRESIDING JUDGE 434th DISTRICT COURT
Honorable Judge James H. Shoemake
434th  Fort Bend County District Court
1422 Eugene Heimann Circle, Courtroom 3I, Richmond, TX 77469
(281) 633-7653 – Telephone

# TABLE OF CONTENTS

LIST OF NAMES OF PARTIES IN INTEREST ........................................................ii

LIST OF AUTHORITIES ........................................................iv

STATUTES AND ABBREVIATIONS………………………………………… ..v

STATEMENT OF THE CASE ........................................................1

POINTS OF ERROR........................................................2

STATEMENT OF FACTS ........................................................3

SUMMARY OF THE ARGUMENT ........................................................4

STANDARD                                                           OF
REVIEW…………………………………………………………….6

ARGUMENT AND AUTHORITIES ........................................................7

      I.    WHETHER THE STATE VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WHEN TRIED ALMOST SIX (6) YEARS AFTER FORMAL ACCUSATION BASED ON FOUR *BARKER* FACTORS. ........................................................ 7

          A.    The Length of the Delay was *Prima Facie* Unreasonable...............8
          B.    No Reason for the Delay Existed as Defendant at All Times Announced Ready for Trial……………………….……………9
          C.    Defendant Did Not Assert His Right for a Speedy Trial because the Trial Court Reset the Trial Date Each Trial Setting Just a Few Months Out and Defendant Really Wanted to Go to Trial………10
          D.    The State's Delay of Trial Prejudiced the Defendant Because Defendant's Defense was Impaired………………………11

CONCLUSION…………………………………………………………………….

13

CERTIFICATE                                                                                    OF
COMPLIANCE…………………………………………………….15

CERTIFICATE                                                                                    OF
SERVICE……………………………………………………..16

# LIST OF AUTHORITIES

**Case Name**                                                                              **Page(s)**

*Barker v. Wingo*
407 U.S. 514 (1972)………………………………. ……………4, 5, 6, 7, 8, 10

*Doggett v. United States*
505 U.S. 647, 651-52 (1992)…………………………………..4, 6, 12

*Dragoo v. State*
96 S.W.3d 308 (Tex.  Crim. App. 2003)…………………………….9, 10

*Harris v. State*
827 S.W.2d 949 (Tex. Crim. App. 1992), *cert. denied*………………….. 7

*Phillips v. State*
650 S.W.2d 396 (Tex. Crim. App. 1983)………………………………11

*Shaw v. State*
117 S.W.3d 882 (Tex. Crim. App. 2003)……………………………….6

*Turner v. State*
545 S.W.2d 133 (Tex. Crim. App.  1976)……………………….……. 5, 9

*United States v. Marion,*
404 U.S. 307 (1971)……………………………………………………. 8

*Zamorano v. State,*
84 S.W.3d 643 (Tex. Crim. App. 2002)………………………..……..5, 8

# CONSTITUTION

**Constitution**                                                                              **Page(s)**

SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION……………………..…..6

ARTICLE 1, § 10, OF THE TEXAS CONSTITUTION. .......................................................6

# ABBREVIATIONS

The following abbreviations have been used for the Appellate Court's convenience throughout Appellant's brief:

**Appellant, Defendant** and/or **Rene** refer to RENE HERNANDEZ;

**Appellee** refers to the State of Texas;

**Cause, Cause Number, Case or Case Number** refers to Cause Number 11-dcr-056418 in the 434th Fort Bend County District Court, Texas, State of Texas v. RENE HERNANDEZ, being the case associated with this appeal;

**RR#** refers to the Reporter's Record (RR) and Volume (#)

**Parties** refers to Appellant, RENE HERNANDEZ, and Appellee, The State of Texas;

**Counsel for Defendant** refers to Toni Sharretts, the attorney who represented the Defendant in Trial Court;

**State** refers to the State of Texas;

**Trial Court** refers to the 434th District Court of Fort Bend County, Texas.

## STATEMENT OF THE CASE

In March 2009, the State charged the Defendant with aggravated assault with a deadly weapon on Abel Romero for an incident that allegedly occurred Jan. 19, 2009. (RR pp 6, 50). Defendant spent six (6) months in jail for this incident and that case was dismissed because Abel Romero did not show up for trial. In 2011, the State re-indicted for the same January 19, 2009 incident and Defendant appeared for all settings and announced ready for trial for almost six (6) years, including ten (10) actual trial settings, never once requesting a continuance and on every occasion prepared, ready, willing, able and wanting to go to trial. (RR pp. 6, 50, 112, 113).

On Nov. 18, 2014, the case proceeded to a jury trial. Defendant was prejudiced because the actual "eye" and "ear" witnessed despite being subpoena'd by the State and Defendant were no longer available, including but not limited to, Jessica Beavers who was on the phone with Defendant when Abel Romero viciously attacked and attempted to murder Defendant. (RR p. 14).

On Nov. 19, 2014, the jury found Rene Hernandez guilty of aggravated assault with a deadly weapon and the jury sentenced him to ten (10) years of probation and a $10,000.00 fine. (RR pp. 87, 94). On Jan. 8, 2015, Rene

Hernandez filed his notice of appeal. (RR p. 111). Defendant's constitutional right to speedy trial was violated.

## POINTS OF ERROR

I. **WHETHER THE STATE VIOLATED DEFENDANT'S CONSTITUTUIONAL RIGHT TO A SPEEDY TRIAL WHEN TRIED ALMOST SIX (6) YEARS AFTER FORMAL ACCUSATION.**

    A. **The Length of the Delay was *Prima Facie* Unreasonable.**

    B. **No Reason for the Delay Existed as Defendant At All Times Announced Ready for Trial.**

    C. **Defendant Did Not Assert His Right for a Speedy Trial because the Trial Court Reset the Trial Date Each Trial Setting Just a Few Months Out and Defendant Really Wanted to Go to Trial.**

    D. **The State's Delay of Trial Prejudiced the Defendant Because Defendant's Defense was Impaired.**

## STATEMENT OF FACTS

In March 2009, the State charged the Defendant with aggravated assault with a deadly weapon on Abel Romero for an incident that allegedly occurred Jan. 19, 2009. (RR pp 6, 50). Defendant spent six (6) months in jail for this incident and that case was dismissed because Abel Romero did not show up for trial. In 2011, the State re-indicted for the same January 19, 2009 incident and Defendant appeared for all settings and announced ready for trial for almost six (6) years never once requesting a continuance and on every occasion prepared, ready, willing, able and wanting to go to trial. (RR pp 6, 50, 112, 113).

On Nov. 18, 2014, the case proceeded to a jury trial. Defendant was prejudiced because the actual "eye" and "ear" witnessed despite being subpoena'd by the State and Defendant were no longer available, including but not limited to, Jessica Beavers who was on the phone with Defendant when Abel Romero viciously attacked and attempted to murder Defendant. (RR p. 14).

On Nov. 19, 2014, the jury found Rene Hernandez guilty of aggravated assault with a deadly weapon and on Nov. 20, 2014 sentenced him to ten (10) years probation and a $10,000.00 fine. (RR pp. 87, 94). On Jan. 8, 2015, Rene Hernandez filed his notice of appeal. (RR p. 111).

3

# SUMMARY OF ARGUMENT

On Nov. 19, 2014, a jury convicted appellant, Rene Hernandez, of aggravated assault with a deadly weapon, and assessed punishment at 10-years of probation with a $10,000.00 fine. In one point of error, appellant argues the trial court violated Defendant's constitutional right to a speedy trial by delaying his jury trial for almost six (6) years from the date he was formally charged all the while Defendant dutifully showed up for each and every trial setting (and resetting) prepared, ready, willing and able for a jury trial. He showed up for trial with his attorney over ten (10) times and each time the case was reset by the Court.

The Supreme Court factors to be weighed in the balance to determine if a Speedy Trial violation occurred include the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 530 (1972).

The first factor, the length of the delay, is measured from the time the defendant is arrested or formally accused. The length of the delay is a triggering mechanism, so that a speedy trial claim will not be heard until passage of a period of time that is *prima facie* unreasonable under the circumstances. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. *Id.* This factor weighs heavily in favor of finding a violation of appellant's right to a speedy trial. *Zamorano v.*

4

*State,* 84 S.W.3d 643, 649 (Tex.Crim.App. 2002).

The State has the burden to justify the delay. *Turner v. State,* 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976). Defendant did not once request or acquiesce to the jury trial's delay.

Defendant's failure to seek a speedy trial does not amount to a waiver of the speedy trial right. *Barker v. Wingo,* 407 U.S. 514, 532 (1972). Defendant wanted a speedy trial but the court reset within several weeks of each new jury trial setting; thus, Defendant believed he was to finally get to go to trial. Defendant was announced ready, appeared at each setting, was ready, willing and able to defend himself at trial. On the other hand, the State was never ready for trial because the complaining witness, who had aliases, did not show up for even once for almost six years UNTIL offered full immunity and an express right to stay in the United States legally without any background check on the condition he testified in order to obtain a U-Visa regardless of his testimony. (RR p. 50).

Defendant was prejudiced. Defendant was incarcerated a full six (6) months prior to the first dismissal on the exact same charges. Defendant suffered anxiety and concern each and every time he showed up for trial in his suit and ready to go forward, all ten times, only to learn the trial would be reset again because the complaining witness was not present. Defendant was prejudiced because his defense was impaired because after almost six (6) years he had NO witnesses

available. Eye and ear witnesses who could exonerate him. (RR p. 50). Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker v. Wingo,* 407 U.S. 514, 532 (1972). "Furthermore, with respect to the third interest, relating to the defendant's ability to defend himself, affirmative proof of prejudice is not essential to every speedy trial claim, because excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or even identify." *Doggett v. United States,* 505 U.S. 647, 655 (1992).

Defendant's constitutional right to a speedy trial was violated.

## STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial. This right was made applicable to state criminal prosecutions by the Due Process Clause of the Fourteenth Amendment. In addition, Tex. Const. art. I, § 10, provides that in all criminal prosecutions the accused shall have a speedy trial. If a violation of the right to a speedy trial is established, the proper remedy is dismissal of the prosecution with prejudice. *Shaw v. State,* 117 S.W.3d 883, 889 (Tex.Crim.App. 2003). The State has the burden of justifying the delay. *Id.*

6

## ARGUMENT AND AUTHORITIES

**I.    WHETHER THE STATE VIOLATED DEFENDANT'S CONSTITUTUIONAL RIGHT TO A SPEEDY TRIAL WHEN TRIED ALMOST SIX (6) YEARS AFTER FORMAL ACCUSATION.**

In determining whether a criminal defendant has been denied his federal or state constitutional right to a speedy trial, a court must use a balancing test in which the conduct of both the State and the defendant are weighed. *Barker v. Wingo,* 407 U.S. 514, 530 (1972); *Harris v. State,* 827 S.W.2d 949, 956 (Tex. Crim. App. 1992), *cert. denied.* The factors to be weighed in the balance include, but are not necessarily limited to, the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 530 (1972).

Rene Hernandez was delayed almost six (6) years from the time he was formally accused by no fault of his own from having his jury trial, the reason for the delay was the voluntary absence of the complaining witness or his reluctance to face the person he falsely accused; he did not asset his speedy trial right because he anticipated and was told he would be tried at the very next trial setting over/over; and, Rene was prejudiced due to the delay because not one of his eye witnesses was available to testify on his behalf after almost six (6) years. (RR pp. 6, 50).

Rene's constitutional right of a speedy trial was violated, so this case should be dismissed with prejudice.

**A. The Length of the Delay was *Prima Facie* Unreasonable.**

*The Length of the Delay.* The first factor, the length of the delay, is measured from the time the defendant is arrested or formally accused. *United States v. Marion,* 404 U.S. 307, 313 (1971). The length of the delay is, to some extent, a triggering mechanism, so that a speedy trial claim will not be heard until passage of a period of time that is *prima facie* unreasonable under the circumstances. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992); *Barker v. Wingo,* 407 U.S. at 530. "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States,* 505 U.S. at 652.

In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. *Id.* At 652 fn. 1. Here, appellant was indicted first in March 2009, the case was dismissed, then indicted again in 2011 and tried (the second time) in November 2014, an interval of 68 months. This delay was sufficient to trigger a speedy trial inquiry. Furthermore, the delay here stretched far beyond the minimum needed to trigger the inquiry. Consequently, this factor weighs heavily in favor of

finding a violation of appellant's right to a speedy trial. *Zamorano v. State,* 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).

### B. No Reason for the Delay Existed as Defendant At All Times Announced Ready for Trial.

*The Reason for the Delay.* When a court assesses the second factor, the reason(s) the State offers to justify the delay, different weights must be assigned to different reasons. The State has the burden of justifying the delay. *Turner v. State,* 545 S.W. 133, 137-38 (Tex. Crim. App. 1976). Some reasons are valid and serve to justify the delay, while other reasons are not valid and do not serve to justify the delay. *Ibid.*

Here, the State nor the trial court offered reasons to justify the 68-month delay between appellant's indictment and second trial. Defendant was ALWAYS ready, willing, able, present and prepared for trial each and every time the trial court set the jury trial—ten (10) times over an almost six (6) year period. (RR. 6, 50, 111, 112). In sum, the State did not and cannot justify most of the lengthy delay in this case. Consequently, this factor, too, weighs in favor of finding a violation of appellant's right to a speedy trial. *Dragoo v. State,* 96 S.W.3d 308, 314 (Tex. Crim App. 2003).

9

However, it should be noted that it is clear the State's only witness did not avail himself to testifying for unknown reasons but presumptively because the complaining witness was afraid, not of the Defendant because they lived thousands of miles from each other, but afraid he would be deported for crimes against the United States or its citizens. The complaining witness never showed up for trial over almost six (6) years. However, the complaining witness did agree to show up once the State offered him a free flight from California, no questions asked about his aliases, free accommodations of the taxpayer's bill, a guarantee the State would sign a U-Visa that would permit the complaining witness to stay in the United States legally regardless of what crimes he may have committed while here as no questions would be asked. Then, and only then, did the State persuade and bait its one witness, the complaining witness who was the bad actor here, to show up at the expense and detriment of the Defendant who no longer had any available eye-witnesses after almost six (6) years to testify on his behalf available and unafraid that they would not also be persecuted. (RR pp. 50-57).

## C. Defendant Did Not Assert His Right for a Speedy Trial because the Trial Court Reset the Trial Date Each Trial Setting Just a Few Months Out and Defendant Really Wanted to Go to Trial.

*The Defendant's Assertion of His Right.* Defendant's failure to seek a speedy trial does not amount to a waiver of the speedy trial right. *Barker v. Wingo,* 407 U.S. at 532. However, defendant's failure to make a timely demand for a

speedy trial indicates strongly that he did not really want one and that he was not prejudiced by not having one. *Dragoo v. State,* 96 S.W.3d at 314. Furthermore, the longer the delay becomes, the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one. *Ibid*. Thus, a defendant's inaction weighs more heavily against a violation the longer the delay becomes. *Ibid*. However, if the trial court and state consistently promise the trial will absolutely go forward at the very next trial setting AND that setting is put on the court's calendar just several more weeks up time and time again AND the court and its personnel seem genuine in their promises, then appellant does not want to aggravate the very government employees who have a vast amount of discretion on how well the trial directives and rulings will go, so rather than rock the boat just comply with the hopes that he will get his trial as promised at the next trial setting. The Defendant's actions in every way supported that he wanted to go to trial to clear his name of the false accusations as he never once moved for a dismissal because he very much wanted to go to trial.

Here, appellant failed to assert his speedy trial right after his first trial was dismissed as it was unnecessary. He did not file or seek a hearing on his motion to dismiss on violation of his constitutional right to a speedy trial because requesting a dismissal only goes to show he did not want to go to trial. *Phillips v. State,* 650 S.W.2d 396, 400 (Tex. Crim. App. 1983). Defendant wanted to go to trial.

11

Defendant NEVER moved for a continuance. Defendant never moved to dismiss the case. Consequently, this factor, too, weighs in favor of finding a violation of appellant's right to a speedy trial.

**D. The State's Delay of Trial Prejudiced the Defendant Because Defendant's Defense was Impaired**

*Prejudice to the Defendant Resulting From the Delay.* When a court assesses the final factor, prejudice to the defendant, it must do so in light of the interests which the speedy trial right was intended to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the defendant's anxiety and concern; and (3) to limit the possibility that the defendant's defense will be impaired. *Barker v. Wingo,* 407 U.S. 532. Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Ibid.* Furthermore, with respect to the third interest, relating to the defendant's ability to defend himself, affirmative proof of prejudice is not essential to every speedy trial claim, because excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or even identify. *Doggett v. United States,* 505 U.S. at 655. On the other hand, this presumption of prejudice to the defendant's ability to defend himself would be "extenuated … by the defendant's acquiescence" in the delay, provided defendant did indeed acquiesce—but he did not. *Id.* at 658. Up until the

day of trial, he continued to assert he wanted to go to trial. (RR. P. 55).

Here, appellant was incarcerated for a full six (6) months in 2009 prior to the State dismissing the case. (RR p. 50). Thus, he was prejudiced. He was then out on bond for many years, subject to the terms and conditions of such bond at all times, so was again prejudiced. And, with respect to the second interest, appellant, suffered unusual anxiety or concern beyond the level normally associated with being charged with a felony because of the sheer length of time, over half a decade, that he was accused and required to continually report repetitively to court over 100 miles from his then employment and residence. Finally, with respect to the third interest, the lengthy delay here did adversely affected appellant's ability to defend himself because his eye witnesses were no longer available to him to testify on his behalf as to what they witnessed as evidenced by his fiancé, Jessica Beaver's, affidavit executed in 2012 describing under oath how she heard the complaining witness start a vicious fight and try to kill Appellant because the complaining witness was annoyed Rene was on the phone with her ecstatic over learning at that moment that Jessica was pregnant with their child, Rene Hernandez, Jr. (RR p. 50). He was extremely prejudiced by not being able to put on a defense but also asserting his right to not testify for fear the jury would be prejudiced by his limited English, previous DWI and absence of corroborating witnesses—that he had but for the exorbitant amount of time passing and rendering

13

them unavailable. Moreover, no other witnesses that the State subpoena'd that Defense heavily relied on their presence as witnesses for the defense could be located and served either. Consequently, this factor, the most important factor, weighs in favor of finding a violation of appellant's right to a speedy trial.

## CONCLUSION

The State offered no valid reason for most of the delay. Yet, it is clear that at the expense of the State of Texas, they flew in an illegal alien from California and put him up in nice hotels, a complaining witness whom they had no verification of his criminal record or even real name, after this complaining witness dodged showing up for trial for almost six (6) years, with the bait of the State promising to sign off on a U-Visa so he could stay in the United States without deportation, regardless of what crimes he has committed, if he showed up to testify against the defendant. Weighing against finding a violation of appellant's right to a speedy trial are the facts that he failed to assert his right after his first trial because the State *sua sponte* dismissed his case when the complaining witness did not show up, and that he never requested his case be dismissed in lieu of a speedy trial because he was assured he would go to trial at the next setting each time AND he did not want a dismissal, he wanted a trial with all his witnesses. Appellant was prejudiced by having to wait almost six (6) years to go to trial, and the STATE caused every single delay as Appellant was ready each and every time the case was

14

reset for trial, all ten times. The State has the burden to justify the delay and they cannot and did not. Rene did not assert is right to a speedy trial as he was guaranteed he would go to trial "soon" but did not for almost six (6) years because the State did not and could not get its only witness to trial without bribing him at the taxpayer's expense from California presumptively so they could get a "win" not for justice to be obtained. Rene never asked for a dismissal as he wanted his day in court; yet he wanted his day in court with the witnesses available at and near the time of the incident so he could be exonerated. Instead he was debilitated and impaired because of the length of time of the delay brought about solely by the State.

Rene's constitutional right to a speedy trial was violated. This case by rule of law should be reversed, then dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED**, Appellant, RENE HERNANDEZ, prays that this Court reverse the trial court's decision and render an order that Rene Hernandez be exonerated and acquitted of the offense charged based the violation of his constitutional right for a speedy trial, and for such other and further relief, both general and special, legal and equitable, to which the Defendant might show himself justly entitled.

Respectfully submitted,

s/ Toni L. Sharretts

15

By:

_____

TONI L. SHARRETTS
TSBN:  24037476
11054 North Hidden Oaks
Conroe, Texas  77384
(281) 827-7749 - Telephone
ATTORNEY FOR RENE HERNANDEZ

## CERTIFICATE OF COMPLIANCE

This document contains less than 15,000 words and is in compliance with Texas Rule of Appellate Procedure 9.4.

s/ Toni L. Sharretts

_____

Toni L. Sharretts

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 26th day of May, 2015, a true and correct copy of the foregoing instrument has been forwarded via email to all counsel of record, as follows:

Mr. Mark LaForge, Asst. District Attorney
301 Jackson, Richmond, Texas  77469
Mark.LaForge@fortbendcountytx.gov

<u>s/ Toni Sharretts</u>
Toni L. Sharretts