

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00062-CR

**THE STATE OF TEXAS,**

                                                            **Appellant**

 **v.**

**JOSE ESTRADA,**

                                                            **Appellee**

---

**From the County Court at Law
Walker County, Texas
Trial Court No. 15-0686**

---

## MEMORANDUM OPINION

---

Jose Estrada was charged by complaint and information with the offense of driving while intoxicated, a second offense. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). He filed a motion to dismiss for lack of a speedy trial which, after a hearing, the trial court granted. The State has appealed the trial court's order of dismissal. Because the trial court erred in its weighing of the speedy trial factors, we reverse the trial court's order and remand this case for further proceedings.

SPEEDY TRIAL

In one issue, the State contends the trial court erred in dismissing the State's case against Estrada because the State did not violate Estrada's right to a speedy trial.

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002)). In addressing a speedy-trial claim, the Supreme Court has laid out four factors that a court should consider: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant resulting from delay. *See Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014); *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003); *see also Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). The four factors are related and must be considered together along with any other relevant circumstances. *Cantu*, 253 S.W.3d at 281. Courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed. *Id*. at 280.

*Standard of Review*

When reviewing an application of the *Barker* balancing test, a reviewing court uses the same burden of proof allocation as in the context of a motion to suppress. *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014); *Kelly v. State*, 163 S.W.3d 722, 726 (Tex.

Crim. App. 2005). That is, we give almost total deference to historical findings of fact of the trial court that the record supports and draw reasonable inferences from those facts necessary to support the trial court's findings, but we review de novo: (1) whether there was sufficient presumptive prejudice to proceed to a full *Barker* analysis (the first Barker factor); and (2) the weighing of the *Barker* factors, both of which are legal questions. *Gonzales*, 435 S.W.3d at 808-809. In addition, as a reviewing court, we do not consider record evidence that was not before the trial court when it made its ruling. *Id.* at 809; *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003); *see also Pierson v. State*, 426 S.W.3d 763, 771 (Tex. Crim. App. 2014).

*Hearing*

Estrada's Motion to Dismiss for Lack of Speedy Trial was filed on February 4, 2016. The hearing on the motion was held on February 9, 2016. At the hearing, Estrada testified that he was arrested for driving while intoxicated on August 30, 2014. He also presented documentation[1] from which it appears he was arrested at the scene and later was released after posting bail. Further documentation presented included a lab report with Estrada's blood-alcohol analysis which was issued on October 3, 2014 by the Texas Department of Public Safety Crime Lab and a report which indicated that the offense report, criminal history, booking records, and the lab report were provided to the State by the DPS on

---

[1] Each document presented to the court was attached to Estrada's Motion to Dismiss for Lack of Speedy Trial.

October 6, 2014.

Estrada presented two representation letters by his attorney, one dated October 1, 2014 and one dated March 18, 2015 stating the same thing: that Estrada was represented by a law firm and was requesting certain information from the State. No request for a speedy trial was made in either letter. Documentation was also presented that indicated Estrada was to appear in court, and his attorney stated that he did appear in court, on October 23, 2014 before a case had been filed. The last document presented was evidence that the complaint and information charging Estrada with driving while intoxicated was filed on September 10, 2015.

Estrada testified at the hearing that a person named Santos Colunga was with him four or five hours before he was arrested. He did not clarify whether Colunga was with him for the four to five hours immediately preceding the arrest or had simply met up with him for a short time four to five hours prior to the arrest. Estrada also testified that six months before the hearing, which would have been about September of 2015, Colunga left for Mexico and that Colunga had died within two weeks prior to the date of the hearing. No explanation of the cause of or circumstances surrounding the death were given. Estrada stated that Colunga could have been a witness in his defense, but Estrada did not testify as to what Colunga's testimony would have been.

*Length of the Delay—First Barker Factor*

The length of the delay is measured from the time the defendant is arrested or

formally accused until the time of trial or a defendant's demand for a speedy trial. *Gonzales*, 435 S.W.3d at 809; *Dragoo*, 96 S.W.3d at 313; *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). This factor is, to some extent, a triggering mechanism, so that there is no necessity for inquiry into the other factors that go into the balance until passage of a period of time that is, on its face, unreasonable under the circumstances. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *Dragoo*, 96 S.W.3d at 313. In general, a delay approaching one year is unreasonable enough to trigger the full *Barker* analysis. *Dragoo*, 96 S.W.3d at 313.

Estrada was arrested on August 30, 2014. The charge against him was not filed until a little over 12 months later. Then another five months after the complaint and information were filed passed before Estrada filed his motion to dismiss the complaint and information for lack of a speedy trial. This delay is long enough to trigger the full *Barker* analysis; and this factor is weighed against the State.

*Reason for the Delay—Second Barker Factor*

When a court assesses the second *Barker* factor, "different weights should be assigned to different reasons" for the delay. *Barker v. Wingo*, 407 U.S. at 531; *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). Some reasons are valid and "serve to justify appropriate delay." *Id*. However, in the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay; and the factor is weighed against the State, but not heavily.

*Dragoo v. State*, 96 S.W.3d at 314.

Here, the State offered the trial court no reason to justify any of the almost 18 month delay between Estrada's arrest and Estrada's motion to dismiss for the lack of a speedy trial. Consequently, this factor does weigh against the State but not *heavily*. *See id*.

*Assertion of the Right—Third Barker Factor*

A defendant has the responsibility to assert his right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008). The lack of a timely demand for a speedy trial strongly indicates that a defendant did not really want a speedy trial and that he was not prejudiced by the lack of one. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu*, 253 S.W.3d at 283.

Although a person cannot file a motion for a speedy trial until formal charges are made, the right to a speedy trial can be asserted in other ways. *Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008). An accused in Estrada's place—arrested but not formally charged—has a choice: He can wait until he is charged, then file a motion for a speedy trial, and, if this request is not honored, he can then file a motion to dismiss because he has diligently sought what he is entitled to—a speedy trial. *Id*. at 284. Or he can wait until he is charged and simply file a motion to dismiss if he can show that he diligently

tried to move the case into court before formal charges were filed. *Id*. Because Estrada never asked for a speedy trial—he asked only for a dismissal—it was incumbent upon him to show that he had tried to get the case into court so that he could go to trial in a timely manner. *Id*.

Here, Estrada never requested a speedy trial; he sought only an outright dismissal and tried to prove that he acted on the desire for a speedy resolution before he was charged. *Id*. at 284-285. To do this, he submitted two letters of representation by his attorney prior to being charged. Neither of these letters show that he tried to get his case into court before the complaint and information were filed. Both letters were identical and primarily sought discovery from the State.

Further, Estrada, rather than the State, was in the position to know when and why Colunga left the United States to return to Mexico. Estrada was thus in the position to know whether the presentation of evidence favorable to his case was at risk due to the possible loss of Colunga's testimony by Colunga returning to Mexico for the entire time from when the complaint and information were filed until Colunga's death. But yet, Estrada did not file a motion for a speedy trial during that time period. As indicated above, Estrada did not testify about the reason that Colunga returned to Mexico which could have been for any number of reasons that would have informed Estrada of the need to secure Colunga's testimony or to take efforts to expedite a trial setting.

Based on the foregoing analysis, this factor weighs against Estrada.

*Prejudice to the Accused—Fourth Barker Factor*

When a court assesses the fourth *Barker* factor, it must do so in light of the interests of the defendants whom the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the accused's defense will be impaired. *Barker v. Wingo*, 407 U.S. at 532; *Dragoo*, 96 S.W.3d at 316. Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532; *see also Gonzales v. State*, 435 S.W.3d 801, 812 (Tex. Crim. App. 2014).

Estrada did not claim he was prejudiced due to oppressive pretrial incarceration, he has been out on bail, or anxiety or concern over the pending charges. Instead, he claimed prejudice due to the unavailability of a witness, Colunga. Since Estrada prevailed on his speedy trial claim in the trial court, we must defer to the trial court's finding that Estrada would have called a witness to testify on Estrada's behalf but the witness died two weeks before the motion to dismiss and speedy trial hearing. *See State v. Munoz*, 991 S.W.2d 818, 829 (Tex. Crim. App. 1999). However, *Barker* requires more of a showing than this. *Id*. In order to support a determination of prejudice, a defendant must show not only that the witness was unavailable, but also that the testimony might be material and relevant to the case. *Phipps v. State*, 630 SW.2d 942, 946-47 (Tex. Crim. App. [Panel Op.] 1982); *see Dragoo v. State*, 96 S.W.3d 308, 313 n. 3 (Tex. Crim. App. 2003). *See*

*also Ex parte Perez*, 398 S.W.3d 206, 212 n.7 (Tex. Crim. App. 2013) (speedy-trial complaints require a defendant to show more than the fact that the State's delay caused witnesses to be missing; a defendant must additionally show the materiality of the missing testimony and establish how the absence of such testimony would impact his defense).

Although Estrada testified as to the unavailability of his witness due to the witness's death, he provided no information about what the witness would have testified to in court. The only information Estrada supplied about the witness was that the witness was with Estrada in the hours before Estrada's arrest. He provided nothing to show that the testimony the witness would have provided was material and relevant to Estrada's defense. The trial court found this factor to be in favor of Estrada; but, because of Estrada's failure to show that the testimony would have been material and relevant, this factor must be weighed against Estrada.

*Balancing*

In balancing the four factors, we find that although the delay was sufficient to trigger a speedy trial analysis and could be attributed to the State, it was not overly excessive as to be overtly prejudicial. Further, although the State did not present an explanation for the delay, there was no evidence that the delay was in bad faith; thus this factor does not weigh heavily against the State. On the other hand, Estrada did not timely assert his right to a speedy trial because he did not try to move his case toward filing. When his case was finally filed, he did nothing about a speedy trial until after Colunga

died and only then requested a dismissal rather than a speedy trial. Accordingly this factor weighs somewhat heavily against Estrada. As to the prejudice factor, the trial court found Estrada to be prejudiced because his defense was impaired due to the death of a witness and weighed this factor heavily against the State. However, we could find no prejudice because Estrada did not show the materiality and relevance of the prospective witness's possible testimony; and thus, we weigh this factor as being against Estrada. Balancing the four *Barker* factors, we hold that they weigh against Estrada, and the trial court erred in concluding otherwise.

**CONCLUSION**

The trial court erred in granting Estrada's motion to dismiss, and the State's sole issue is sustained. The trial court's order granting Estrada's motion to dismiss is reversed, and this case is remanded for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Reversed and remanded
Opinion delivered and filed July 20, 2016
Do not publish
[CR25]

