

# NUMBERS 13-17-00605-CR and 13-17-00606-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

PHILLIP LONGORIA,                                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                                    **Appellee.**

## On appeal from the County Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant Phillip Longoria appeals his convictions for resisting arrest, search, or transport, a Class A misdemeanor, and for driving while intoxicated (DWI), a Class B misdemeanor.[1]  *See* TEX. PENAL CODE ANN. §§ 38.03, 49.04.  By a single issue,

---

[1] Longoria appeals from his DWI conviction in Cause No. 13-17-00605-CR and from his conviction for resisting arrest in Cause No. 13-17-00606-CR.

Longoria argues that the trial court erred by denying his motion to dismiss for violation of his right to a speedy trial. We affirm.

## I.  BACKGROUND

### A.  Facts

Longoria was arrested in the early morning hours of July 13, 2014 after a traffic stop. Department of Public Safety (DPS) Trooper Joel Johnson testified that he saw Longoria disregard red flashing lights at an intersection. After pulling Longoria over, Trooper Johnson asked Longoria to get out of his car. Trooper Johnson believed Longoria was driving while intoxicated.

Trooper Johnson performed several field sobriety tests on Longoria including a horizontal gaze nystagmus test. He observed Longoria's eyes jerking, which is a sign of intoxication. He asked Longoria to perform the walk-and-turn test. Longoria failed to perform it accurately. Longoria refused to perform the one-leg stand test. Trooper Johnson attempted to escort Longoria to the patrol car to arrest him when Longoria began resisting and became combative. Trooper Johnson took Longoria to the ground in an attempt to get control of him, but Trooper Johnson struggled with Longoria on the ground until a passerby stopped to help Trooper Johnson. After that, two other officers came to the scene, Longoria was placed in handcuffs, and Trooper Johnson took him to the Sheriff's office to obtain a blood sample. Trooper Johnson had asked Longoria for a breath specimen, but Longoria refused. Longoria was arrested that morning for resisting arrest or transportation and for DWI. *Id.* §§ 38.03, 49.04.

2

**B.     Procedural History**

The informations charging Longoria with resisting arrest and with DWI were filed on November 21, 2014, four months after his arrest.   On May 14, 2015, the trial court ordered Longoria to employ counsel and appear on June 11, 2015.   The docket sheet reflects that Longoria's case was reset seven times between June 11, 2015 and December 10, 2015, and then again on February 11, 2016, with no settings between that date and July 27, 2017, but does not state reasons for the resettings.   The record does not include transcripts from any of these hearings.

On July 28, 2017, the State filed a motion to consolidate the resisting arrest and DWI cases for trial.   On August 17, 2017, the State filed a motion to continue the August 30, 2017 trial setting on the grounds that Trooper Johnson would be attending mandatory training and would be unavailable for trial.   Longoria immediately filed a motion opposing the State's motion for continuance and sought dismissal of the informations based upon the denial of his right to a speedy trial.

On August 30, 2017, the trial court heard the motion for continuance and the motion to dismiss for speedy trial violations.   Neither side presented witnesses. Longoria's counsel[2] argued that between January 2016 and November 2016, Longoria received eight setting notices on his resisting arrest case, but none for the DWI case. Longoria further argued that the State told Longoria that it would not prosecute the DWI. The State represented to the trial court that one of Longoria's previous attorneys had requested that the DWI trial be put off until an unrelated felony charge against Longoria

---

[2] Longoria was on his third attorney at the time of this hearing.

was tried. The State also explained that some hearings were reset because Longoria's prior counsel did not appear for settings and argued that Longoria suffered no prejudice from the delay. The trial court denied the speedy trial motion and granted the State's motion for continuance. The case was tried on September 27, 2017.

The jury convicted Longoria of resisting arrest and DWI. Longoria elected punishment by the trial court which sentenced him to ninety days in the county jail for each conviction and probated both for eighteen months to run concurrently. This appeal ensued.

## II. SPEEDY TRIAL

By his sole issue, Longoria complains that the trial court should have granted his motion to dismiss for violation of his right to a speedy trial.

## A. Standard of Review and Applicable Law

Both the Sixth Amendment of the United States' Constitution and Article I, Section 10 of the Texas Constitution guarantee a defendant the right to a speedy trial. U.S. CONST amend. VI; TEX. CONST. Art. I, § 10; *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (citing *Strunk v. United States*, 412 U.S. 434, 440 (1973)).

"[W]e apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a de novo standard for the legal components" of a complaint that the trial court denied a speedy trial motion. *Cantu v. State*, 253 S.W.3d 273, 282

4

(Tex. Crim. App. 2008). "Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but '[t]he balancing test as a whole . . . is a purely legal question.'" *Id.*

The *Barker* Court established four factors for the trial court to consider:

1) whether delay before trial was uncommonly long;

2) whether the government or the criminal defendant is more to blame for that delay;

3) whether, in due course, the defendant asserted his right to a speedy trial; and

4) whether he suffered prejudice as the delay's result.

*Id.* (citing *Barker*, 407 U.S. 530–32). The delay is measured from the date the defendant is arrested or charged. *United States v. Marion*, 404 U.S. 307, 321 (1971). The *Barker* test is triggered by a delay that is "unreasonable enough to be 'presumptively prejudicial.'" *Cantu*, 253 S.W.3d at 281. A delay of seventeen months or more is presumptively prejudicial. *Id.* (citing *Phillips v. State*, 650 S.W.2d 396, 399 (Tex. Crim. App. 1983)).

## B.    Discussion

In deciding whether the trial court properly denied Longoria's speedy trial motion, we review the facts under the *Barker* factors. *Id.* Longoria was arrested on July 13, 2014. Because his trial took place in September 2017, over three and a half years later, the delay is considered presumptively prejudicial and required the trial court to consider the other *Barker* factors. *Id.* The length of the delay weighs against the State. *See Hartfield v. State*, 516 S.W.3d 57, 64 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd) (citing *Gonzales v. State*, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014); *Zamorano*, 84 S.W.3d at 649).

Next, we consider the reasons for the delay and to whom the delay should be attributed. *See Barker*, 407 U.S. 531. Although Longoria argued that the delays were occasioned by the State or the trial court, Longoria's counsel could not provide details because he did not represent Longoria until 2017. The State represented that Longoria's prior defense counsel had urged the State to wait on the DWI trial until Longoria's unspecified felony charge was tried.[3] Based upon this record, we weigh the delay in the proceedings as neutral.

The next factor to be considered is whether the defendant asserted his right to a speedy trial. *Id.* A defendant's assertion of his right to a speedy trial or his failure to do so is entitled to "strong evidentiary weight." *Cantu*, 253 S.W.3d at 283. Longoria did not assert his right to a speedy trial until after three years had elapsed and then did so in a motion to dismiss. When a defendant's filing seeks only dismissal, it weakens the speedy trial claim because it evidences "a desire to have no trial instead of a speedy one." *Id.* (citing *Zamorano*, 84 S.W.3d at 651, n.40). We weigh this factor against Longoria.

The final consideration is prejudice to the defendant. *See Barker*, 407 U.S. 532. Prejudice must be determined in light of the interests that the right to a speedy trial was intended to protect: to prevent oppressive pretrial incarceration, to minimize the accused's anxiety and concern, and to limit impairment of the accused's defense. *Cantu*, 253 S.W.3d. at 285. Longoria did not suffer lengthy pretrial incarceration; he posted bail the same day. If his defense was prejudiced, he did not explain any prejudice to the trial court and offered no evidence. Longoria only argued that he was anxious due to the

---

[3] Longoria's felony case was tried in June 2017, according to his witness at the DWI trial who attended the previous trial.

delay. The State countered that the likely cause of his anxiety was his pending felony charge, rather than his misdemeanor charges. We find no prejudice to Longoria.

Having reviewed the four *Barker* factors, we must now balance them. *See Barker*, 407 U.S. 532. Although the extent of the delay weighed against the State, the reason for the delay did not, and the defendant was not prejudiced; we therefore find no speedy trial violation. *See Cantu*, 253 S.W.3d at 286–87 (affirming the trial court's denial of motion to dismiss on speedy trial grounds); *Dragoo*, 96 S.W.3d at 316 (holding there was no speedy trial violation where delay was three and a half years, but defendant suffered no prejudice and waited to make any complaint of a speedy trial violation).

We overrule Longoria's sole issue.

## III.    CONCLUSION

We affirm the judgments of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
13th day of June, 2019.

7